**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**CHUNHONG JIA,** *et al.*,                    *

     Plaintiffs,                         *          Case No. 8:19-cv-02527-VMC-CPT

v.                                            *

**BOARDWALK FRESH BURGERS
& FRIES, INC.,** *et al.*,                     *

     Defendants.                         *

                                        *

*     *     *     *     *     *     *     *     *     *     *     *     *

**BOARDWALK FRESH BURGERS
& FRIES, INC.**                                *

and                                           *

**DAVID DIFERDINANDO**                         *

     Third-Party Plaintiffs,             *

v.                                            *

**MIN WANG A/K/A LILI WANG, et al.,**
Address Unknown                               *

and                                           *

**YANNAN WANG**
Address Unknown                               *

and                                           *

**NEW CITY ADVISORS, LLC**
51 E. Campbell Ave, Ste. 102                  *
Campbell, CA 95008

     <u>Serve On:</u>                    *
     TRAC- THE REGISTERED
     AGENT COMPANY                       *

**FIRST AMENDED
<u>THIRD-PARTY COMPLAINT</u>**

614 n. Dunpont Hwy, Ste. 210          *
Dover, DE 19901
                                      *
and
                                      *
**NEW CITY CAPITAL, LLC**
**51 E. Campbell Ave, Ste. 102**      *
**Campbell, CA 95008**
                                      *
    <u>Serve on:</u>
    TRAC- THE REGISTERED          *
    AGENT COMPANY (C1669367)
    715 St. Paul Street           *
    Baltimore, MD 21202
                                      *
and
                                      *
**GARY CHAN**,
360 W. 34th Street, Apt. 9N           *
New York, NY 10001
                                      *
and
                                      *
**ARCHWAY PARTNERS, LLC**,
9662 Kenwood Road                     *
Cincinnati, OH 45242
                                      *
    <u>Serve on:</u>
    Christi Andrea, Resident Agent    *
    9662 Kenwood Rd
    Cincinnati, OH 45242
and                                   *

**JARDIN HILL, LLC**,                 *
11285 Grooms Road
Cincinnati, OH 45242                  *

    <u>Serve on:</u>                  *
    CT Corporation System
    306 W. Main St., Ste. 512         *
    Frankfort, KY 40601
                                      *
and
                                      *
**CLEARWATER HOSPITALITY**
**GROUP, LLC**,                       *

2

9662 Kenwood Road
Cincinnati, OH 45242                                    *

    <u>Serve on:</u>                                   *
    Lindhorst & Dreidame Co., L.P.A.
    312 Walnut St., Ste. 3100                   *
    Cincinnati, OH 45202
                                                             *

    Third-Party Defendants.
                                                             *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## <u>FIRST AMENDED THIRD-PARTY COMPLAINT</u>

Defendants/Third-Party Plaintiffs Boardwalk Fresh Burgers & Fries, Inc. ("BFBF") and David DiFerdinando ("DiFerdinando") (jointly, "Third-Party Plaintiffs"), by and through their undersigned attorneys, hereby sue Third-Party Defendants Min Wang a/k/a Lili Wang, Yannan Wang, New City Advisors, LLC ("NCA"), New City Capital, LLC ("NCC") (collectively, the "New City Defendants"), Gary Chan, Archway Partners, LLC ("Archway"), Jardin Hill, LLC ("Jardin Hill"), Clearwater Hospitality Group, LLC ("Clearwater") (collectively, the "Chan Defendants"), and state as follows:

1.      Third-Party Plaintiffs incorporate herein by reference their Answer to the Second Amended Complaint ("SAC").

## PARTIES

2.      Third-Party Plaintiff Boardwalk Fresh Burgers & Fries, Inc. is a Delaware corporation with principal place of business located in Linthicum, Maryland.

3.      Third-Party Plaintiff David DiFerdinando is a natural person and citizen of the State of Florida.

4.      Third-Party Defendant Min Wang a/k/a Lili Wang is a natural person and citizen of the State of California.  Upon information and belief, Ms. Wang currently resides and works

in the State of Florida.  Ms. Wang is registered with FINRA as a broker (CRD#: 4691146). From April 2014 through May 2015, Ms. Wang was employed as a broker and Managing Director of Bonwick Capital Partners, LLC (CRD#: 156469/SEC#: 8-68796), a brokerage firm whose FINRA license since has been cancelled.

5.      Third-Party Defendant Yannan Wang is a natural person and citizen of the State of California.  Upon information and belief, Mr. Wang currently resides in the State of Florida. Mr. Wang is registered with FINRA as a broker (CRD#: 6362125).

6.      Third-Party Defendant New City Advisors, LLC is a limited liability company organized under the laws of the State of Delaware. Upon information and belief, Third-Party Defendants Min Wang and Yannan Wang are members, owners, and/or employees of New City Advisors, LLC.

7.      Third-Party Defendant New City Capital, LLC is a limited liability company organized under the laws of the State of California. Third-Party Defendant New City Capital, LLC is registered with both FINRA (CRD#: 172913) and the United States Securities and Exchange Commission (SEC#: 8-69525). Upon information and belief, Third-Party Defendants Min Wang and Yannan Wang are members, owners, and/or employees of New City Capital, LLC.

8.      Upon information and belief, New City Advisors, LLC and New City Capital, LLC are indistinguishable business entities and alter egos of each other with no separate mind, will, or existence of their own.  Among other things, these entities operate out of the identical office space in Campbell, California; share and publicize a nearly identical website and intellectual property assets, including logos; share an identical ownership and management structure; employ the same individuals; perform identical and/or intimately related business

activities; and, upon information and belief, share finances and accounts in such a way that the two entities are indistinguishable.

9.      Third-Party Defendant Gary Chan is a natural person who currently resides in the State of New York.  At all times relevant hereto, Mr. Chan was a resident of the State of Ohio and, more recently, the State of Florida.

10.     This action is stayed as to Mr. Chan pursuant to this Court's November 16, 2020 Order [DE 126] which recognizes that Mr. Chan filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Middle District of Florida.

11.     Third-Party Defendant Archway Partners, LLC is a limited liability company organized under the laws of the State of Ohio.  Upon information and belief, Third-Party Defendant Gary Chan is a member, owner, and/or employee of Archway Partners, LLC.

12.     Third-Party Defendant Jardin Hill, LLC is a limited liability company organized under the laws of the State of Kentucky.  Upon information and belief, Third-Party Defendant Gary Chan is a member, owner, and/or employee of Archway Partners, LLC.

13.     Third-Party Defendant Clearwater Hospitality Group, LLC is a limited liability company organized under the laws of the State of Ohio.  Upon information and belief, Third-Party Defendant Gary Chan is a member, owner, and/or employee of Clearwater Hospitality Group, LLC.

14.     Upon information and belief, Archway Partners, LLC, Jardin Hill, LLC, and Clearwater Hospitality Group, LLC are indistinguishable business entities and alter egos of each other with no separate mind, will, or existence of their own.  Among other things, these entities share an identical ownership and management structure; employ the same individuals; perform

identical and/or intimately related business activities; and, upon information and belief, share finances and accounts in such a way that the two entities are indistinguishable.

## JURISDICTION AND VENUE

15.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

16.    As set forth in BFBF's Motions to Dismiss Plaintiff's Complaint and Amended Complaint, BFBF objects to this Court's exercise of personal jurisdiction over it.  However, on July 2, 2020, this Court determined that it may exercise personal jurisdiction over BFBF based on the allegations in Plaintiffs' Amended Complaint.  To the extent that this Court may exercise personal jurisdiction over Defendants/Third-Party Plaintiffs, so, too may this Court exercise personal jurisdiction over Third-Party Defendants because the acts and/or omissions alleged in Plaintiffs' Second Amended Complaint and in this Third-Party Complaint arise out of Third-Party Defendants' business activities in the State of Florida and the tortious injury caused by Third-Party Defendants in the State of Florida.  *See* SAC ¶¶ 83, 87, 90, 91, 97, 98, 99, 100, 101, 139, 149, 150, 197 (describing Plaintiffs' agents'—the New City Defendants—integral involvement in the transactions and communications giving rise to Plaintiffs' claims); *see id*. ¶¶ 10, 11, 13, 16, and *passim* (describing the integral involvement of Gary Chan and businesses controlled by him—including Archway, Jardin Hill, and Clearwater—in the transactions and communications giving rise to Plaintiffs' claims).

17.    As alleged in Plaintiffs' Second Amended Complaint, Third-Party Defendants' conduct affected and related to investments in restaurant franchise activities in the State of Florida from mid-2016 through early 2018.  SAC ¶¶ 10-16.

18.     In addition, upon information and belief, Third-Party Defendants Min Wang and Yannan Wang currently reside and work in the State of Florida and are subject to this Court's general personal jurisdiction.

19.     In addition, upon information and belief, at times relevant hereto, Gary Chan resided and worked in the State of Florida.

20.     Venue is proper in this District because a substantial portion of the acts and/or omissions alleged in Plaintiffs' Second Amended Complaint and in this Third-Party Complaint occurred in this District.

## FACTUAL BACKGROUND

### The New City Defendants and their Relationship with the Chan Defendants

21.     According to its website, New City Advisors, LLC, "focuses on providing comprehensive capital solutions to companies and projects seeking EB-5 financing."  The company's services include: Advisory and Consulting; Deal Structuring; Project Due Diligence; Marketing Strategies; Monitoring; Bridge Financing.  *See* https://www.newcityadvisors.com/.

22.     New City Advisors' website further states that the company "conducts expert, objective, and comprehensive due diligence for all our projects to ensure that we bring the best-in-class projects to the EB-5 market.  Our experience and track record has instilled unprecedented confidence in our syndication partners and our investors."  *See* https://www.newcityadvisors.com/services.

23.     According its website, New City Capital "provides tailored financial solutions for projects seeking capital. Our expertise is backed by decades of experience at top Wall Street investment banks and global financial institutions. We are dedicated to providing professional

and effective service to enable the success of our project partners and our investors." *See* https://www.newcitycap.com/.

24.     New City Capital's website recognizes that "non-compliant, or fraudulent behavior by bad actors has cast a shadow over the EB-5 industry," and describes as its "mission to create compliant offerings with clear paths to success. We empower our developer partners and their EB-5 investors to feel confident in their decisions. We believe in transparency and efficacy, and we cut through the obfuscation." *See* https://www.newcitycap.com/services.

25.     Beginning in 2013 or earlier, the New City Defendants were soliciting investors in China to participate in the EB-5 visa program in the United States.

26.     Some of these solicitations related to investment projects unrelated to Plaintiffs' claims against Defendants.

27.     One such investment project involved the "Rodizio Grill" restaurant franchise. *See Jardin Hill, LLC et al v. New City Advisors, LLC, et al.*, Case No. 1:18-cv-00187-MRB (U.S.D.C. S.D. Ohio) (filed March 15, 2018).

28.     The New City Defendants worked closely with the Chan Defendants and non-parties Terry Hong-Yin Chan and Jacqueline Anguilli Chan[1] in developing in promoting that investment project.

29.     The New City Defendants' relationship with the Chan Defendants thus preceded any communications between and/or among BFBF, DiFerdinando, and Plaintiffs.

**The Chans Conceive Their Scheme to Defraud Plaintiffs, BFBF, and DiFerdinando**

30.     Beginning in 2013, the Chan Defendants identified BFBF, a franchisor of fast-casual restaurants, as a potential target for their scheme to defraud foreign EB-5 investors.

---

[1] Non-parties Terry Chan and Jacqueline Chan filed Chapter 7 bankruptcy petitions in the United States Bankruptcy Court for the Middle District of Florida in 2018.  *See In re Terry Hong-Yin Chan and Jacqueline Anguilli Chan*, Case No. 6:18-ap-00098-KSJ (U.S. Bankr. Ct., M.D.Fl.).

31.    The Chan Defendants approached BFBF and DiFerdinando and presented them with an opportunity to expand their franchise operations.

32.    Specifically, the Chan Defendants intended to market the opening of ten (10) BFBF franchises to foreign EB-5 investors in China.  The franchises would be located in southern Ohio.

33.    Prior to being contacted by the Chan Defendants, neither BFBF nor DiFerdinando had any familiarity, knowledge, or experience working with EB-5 investors.

34.    Still, given the limited role that BFBF would play as franchisor, and based on the Chan Defendants' representations regarding their own extensive experience with the EB-5 program, BFBF agreed to enter into a Development Agent Agreement with Jardin Hill in February 2014.

35.    The Development Agent Agreement granted Jardin Hill the exclusive right to market BFBF franchises in southern Ohio.  In exchange for this right, Jardin Hill was required to pay a $300,000.00 fee to BFBF.

36.    In connection with the Development Agent Agreement, BFBF provided Jardin Hill with information about BFBF's history, operations, and business activities.

37.    Having obtained BFBF's proprietary business information through Jardin Hill, Gary Chan developed a "Business Plan" and other materials which the Chan Defendants, Terry Chan, Jacqueline Chan, and other entities created and controlled by the Chans—Boardwalk Fries Opportunities, L.P., Boardwalk Fries, LLC, and BWF MGMT, LLC—later used to attract Plaintiffs' investments.

38.    Neither BFBF nor DiFerdinando was involved in the creation of the "Business Plan".

39.     Neither BFBF nor DiFerdinando was involved in the activities of Boardwalk Fries Opportunities, L.P., Boardwalk Fries, LLC, or BWF MGMT, LLC besides its duties as a franchisor.

40.     Neither BFBF nor DiFerdinando had any knowledge or reason to suspect that the Chan Defendants intended to exploit the BFBF brand and BFBF's proprietary business information as part of the Chan Defendants' scheme to defraud Plaintiffs of their investments.

***The New City Defendants Court and Engage with Plaintiffs***

41.     In order to advance their scheme, the Chan Defendants needed to identify and lure in foreign investors.

42.     To do so, the Chan Defendants worked with the New City Defendants.

43.     The New City Defendants first contacted Plaintiffs in 2013.

44.     At that time, neither Min Wang nor Yannan Wang was registered with FINRA or the SEC to solicit the sale or purchase of securities.

45.     Soliciting or promoting the sale or purchase of securities without the required license is a violation of SEC federal and state securities regulations.

46.     During the course of their communications with Plaintiffs, the New City Defendants held themselves out to Plaintiffs as sophisticated investment advisors and strategists.

47.     The New City Defendants also held themselves out to Plaintiffs as familiar and experienced with the EB-5 program and investments made thereunder.

48.     Not only do the New City Defendants' representations to Plaintiffs appear on their websites, but the New City Defendants also made such representations orally and in writing to Plaintiffs.

49.     Based on these representations, Plaintiffs entrusted and relied upon the New City Defendants and the advice furnished by them and the financial instruments promoted by them.

50.     The New City Defendants and their agents were the only parties to this litigation that ever communicated with Plaintiffs, whether orally or in writing.

51.     Plaintiffs believed the New City Defendants to be their agents and fiduciaries. That is, Plaintiffs believed that the New City Defendants were acting with Plaintiffs' interests above their own, that the New City Defendants were acting with undivided loyalty to Plaintiffs, and that the New City Defendants did not and would not engage in any activity that conflicted with Plaintiffs' best interests.

52.     The New City Defendants never took any action to dispel Plaintiffs' (mistaken) belief that the New City Defendants were acting as their fiduciaries.

53.     What is more, because Plaintiffs did not understand the English language, the New City Defendants also acted as their translators.

54.     Plaintiffs relied entirely on the oral and written translations developed by the New City Defendants.

**The New City Defendants' Conflicts of Interest**

55.     At the same time that the New City Defendants were promoting their investment and brokerage services to Plaintiffs, the New City Defendants were also working closely with the Chan Defendants to develop an investment vehicle in which Plaintiffs, and others, would invest.

56.     After convincing Plaintiffs to invest in the Chan Defendants' investment vehicle, the New City Defendants assisted in the preparation and execution of a December 2013 Private Placement Memorandum and  an Amended Private Placement Memorandum ("PPM"), dated

April 18, 2014, attached as Exhibit H to the Second Amended Complaint, as well as other related documents, and also assisted in the structuring of the investment.

57.     The PPM requires investors, including Plaintiffs, to pay an Administrative Fee to New City Advisors in order to participate in the investment: "Confirmation that the administrative fee, if any, as described in a Program Management Agreement that is among the Investor, New City Advisors, LLC ("NCA") and/or third parties has been paid ("Administrative Fee"). *See* SAC, Ex. H, Doc. 70-8 at 5.

58.     The Administrative Fee is believed to be a minimum of $45,000 for each Plaintiff according to a Program Management Agreement that the New City Defendants entered into with Plaintiffs.  This fee was in addition to amounts Plaintiffs would need to pay for immigration attorneys and other expenses.

59.     The Administrative Fee was not the only revenue source (direct or indirect) accruing to the New City Defendants.  In fact, the PPM further provides for the payment of a "Performance Management Fee" to Bonwick Capital Partners, LLC ("Bonwick").  *Id.* at 5, 8, 10.

60.     At the time that the PPM was prepared, in April 2014, Ms. Wang was employed as a Managing Director of Bonwick.

61.     The PPM's selection of Bonwick is no mere coincidence, but reflects the fact the New City Defendants were instrumental in the structuring of the investment and the preparation of the accompanying documents.

62.     Plaintiffs have alleged that the PPM was one of the documents on which they relied in deciding to contribute money to the Chan Defendants' scheme.  SAC ¶¶ 94-97.

63.     Notably, Plaintiffs have alleged that they received Chinese-language translations of the PPM.  SAC ¶ 96.

64.     All Chinese-language documents provided to Plaintiffs presumably were prepared by the New City Defendants.

65.     In addition to the PPM, the New City Defendants were also instrumental in assisting with the preparation and execution of the Subscription Agreements attached as Exhibits I, J, K, L, M, N, and O to the Second Amended Complaint.

66.     But for the New City Defendants' encouragement to invest in the Chan Defendants' program, and representations concerning their experience with the EB-5 visa process, Plaintiffs would not have invested any funds with the Chan Defendants.

67.     Upon information and belief, the New City Defendants received compensation from the Chan Defendants in exchange for marketing and promoting the securities sold by the Chan Defendants.  This relationship with the Chan Defendants was never disclosed to Plaintiffs in violation of FINRA rules and SEC regulations.

68.     Because the New City Defendants stood to reap substantial benefits from Plaintiffs' investments with the Chan Defendants, the New City Defendants failed to conduct even basic due diligence into the Chan Defendants or their other business dealings and turned a blind eye to the "red flags" that would and should have alerted the New City Defendants and Plaintiffs to the Chan Defendants' nefarious ends.  SAC ¶ 114.

***The New City Defendants Are Responsible for Plaintiffs' Alleged Injuries.***

69.     After the New City Defendants looked past the "red flags" which should have alerted them to Chan Defendants' misconduct, the New City Defendants' failed to exercise due care in regards to Plaintiffs' investments, and failed to act independently of the Chan Defendants.

70.     Between 2014 and 2018, the New City Defendants made no effort to contact BFBF to learn anything about their business and failed to visit any of the proposed locations.

71.     The New City Defendants also failed to independently supervise and monitor the Chan Defendants.

72.     As a result of the New City Defendants' failure to supervise and monitor the Chan Defendants' operations, the Chan Defendants were able to abscond with Plaintiffs' investment funds.

73.     The New City Defendants' failure to exercise due care also permitted the Chan Defendants to change the location of the proposed BFBF franchises from southern Ohio to Florida.

74.     As the New City Defendants knew or should have known, however, such a location change constitutes a "material change" under federal regulations governing the EB-5 program.

75.     This material change itself was sufficient to cause the denial of Plaintiffs' I-829, Petition by Investor to Remove Conditions on Permanent Resident Status—one of the very injuries Plaintiffs complain of in the Second Amended Complaint.

76.     The New City Defendants, despite holding themselves out as experts in the EB-5 program, failed to take action or notify Plaintiffs of this development.

***Third-Party Defendants Are Responsible for Plaintiffs' Injuries.***

77.     Plaintiffs allege in the Second Amended Complaint that they suffered damages as a result of the acts and/or omissions of Defendants/Third-Party Plaintiffs.

78.     Defendants/Third-Party Plaintiffs deny all liability to Plaintiffs.

79.     However, as set forth above and as will be established through discovery and at trial, if it is determined that Defendants/Third-Party Plaintiffs were liable, any such liability arose out of the acts and/or omissions of the Third-Party Defendants.

80.     As Plaintiffs have alleged in their Second Amended Complaint in this action and as they have alleged in their action in the United States District Court for the Southern District of Ohio against Gary Chan, Terry Chan, Jacqueline Chan, and several Chan-controlled entities, the Chan Defendants, Terry Chan, and Jacqueline Chan misappropriated Plaintiffs' investment proceeds and jeopardized Plaintiffs' ability to obtain green cards and "**MISAPPROPRIATED PLAINTIFFS' FUNDS**" *See* SAC ¶ 136; *Jia, et al. v. Gary Chan, et al.,* Case No. 1:18-cv-00085-MRB (U.S.D.C. S.D. Ohio) (filed Feb. 2, 2018) (ECF No. 1 at p. 15) (emphasis and underline in original).

81.     Upon information and belief, the New City Defendants are actively encouraging and directing Plaintiffs to pursue damages from Defendants/Third-Party Plaintiffs in order to distract from and obscure the New City Defendants' own self-dealing and conflicts of interest, sales practice violations, and the New City Defendants' participation in and contribution to the Chan Defendants' unlawful activities.

82.     Pertinent to the instant lawsuit, Counsel for Plaintiffs in this action has represented New City Advisors, LLC, Lili Wang, and Yannan Wang in other litigation. *See Jardin Hill, LLC et al v. New City Advisors, LLC, et al.*, Case No. 1:18-cv-00187-MRB (U.S.D.C. S.D. Ohio) (filed March 15, 2018).

***The Chan Defendants Damage BFBF's Franchise and Business Activities.***

83.     In addition to the harm which the Chan Defendants caused to Plaintiffs, the Chan Defendants also inflicted substantial damage on BFBF's franchising and other business activities.

84.     Prior to entering into the Development Agent Agreement with Jardin Hill, BFBF conducted a brisk franchise business, contracting with parties who opened BFBF franchises in more than five U.S. states and in several locations worldwide.

85.     Prior to entering into the Development Agent Agreement with Jardin Hill, BFBF routinely was approached by entrepreneurs looking to open BFBF franchises and/or to enter into development agent agreements to market BFBF franchises in new domestic and international territories.

86.     However, as a direct and proximate result of the Chans' unlawful exploitation of BFBF's proprietary business information as part of their scheme to defraud Plaintiffs, interest in opening BFBF franchises and/or entering into development agent agreements has dropped sharply.

87.     Specifically, when BFBF engages in negotiations with prospective franchisees and development agents, it is required to disclose the existence of this lawsuit and its dealings with the Chans.

88.     When presented with such information, prospective franchisees and development agents have backed away from BFBF and decided not to enter into agreements with BFBF.

89.     Moreover, the adverse publicity which the Chans' activities have cast on BFBF has devalued the BFBF brand in the eyes of prospective franchisees and development agents and has made BFBF a less appealing potential business partner than it had been before the Chans defrauded Plaintiffs.

90.     The loss in franchise and development agent activity has resulted in substantial monetary damages to BFBF.

**COUNT I**
**CONTRIBUTION**
**(Against New City Advisors, LLC)**

91.     Third-Party Plaintiffs re-allege and incorporate the allegations contained in paragraph 1-90 above as if fully restated herein.

92.     Plaintiffs allege that their injuries were caused by the actions and/or omissions of Defendants/Third-Party Plaintiffs.

93.     Defendants/Third-Party Plaintiffs are without fault and deny any and all liability to Plaintiffs.

94.     While Defendants/Third-Party Plaintiffs deny any liability, if it is determined that Defendants/Third-Party Plaintiffs were liable, any such liability arose out of the acts and/or omissions of New City Advisors, LLC.

95.     Specifically, New City Advisors, LLC is the proximate cause of Plaintiffs' alleged damages because its agents/owners/principals Min Wang and Yannan Wang misrepresented their qualifications and experience to Plaintiffs; failed to disclose their conflicts of interest with the Chan Defendants; failed to perform appropriate due diligence on the Chan Defendants; failed to properly supervise the Chan Defendants' activities; failed to supervise and monitor Plaintiffs' investment funds; and breached their fiduciary duties to Plaintiffs.  *See* paragraphs 21-29, 41-54, 55-68, and 69-76.

96.     New City Advisors, LLC as principal is liable for the acts of its agents Min Wang and Yannan Wang.

WHEREFORE, if it is determined that Defendants/Third-Party Plaintiffs Boardwalk Fresh Burgers & Fries, Inc. and David DiFerdinando are liable to Plaintiffs in any way, Defendants/Third-Party Plaintiffs demand judgment in their favor and against and Third-Party

Defendant New City Advisors, LLC, together with all expenses paid or incurred by Defendants/Third-Party Plaintiffs in connection with the defense of this action, and such other and further relief as justice may require.

**COUNT II**
**CONTRIBUTION**
**(Against New City Capital, LLC)**

97.     Third-Party Plaintiffs re-allege and incorporate the allegations contained in paragraph 1-90 above as if fully restated herein.

98.     Plaintiffs allege that their injuries were caused by the actions and/or omissions of Defendants/Third-Party Plaintiffs.

99.     Defendants/Third-Party Plaintiffs are without fault and deny any and all liability to Plaintiffs.

100.     While Defendants/Third-Party Plaintiffs deny any liability, if it is determined that Defendants/Third-Party Plaintiffs were liable, any such liability arose out of the acts and/or omissions of New City Capital, LLC.

101.     Specifically, New City Capital, LLC is the proximate cause of Plaintiffs' alleged damages because its agents/owners/principals Min Wang and Yannan Wang misrepresented their qualifications and experience to Plaintiffs; failed to disclose their conflicts of interest with the Chan Defendants; failed to perform appropriate due diligence on the Chan Defendants; failed to properly supervise the Chan Defendants' activities; failed to supervise and monitor Plaintiffs' investment funds; and breached their fiduciary duties to Plaintiffs.  *See* paragraphs 21-29, 41-54, 55-68, and 69-76.

102.     New City Capital, LLC as principal is liable for the acts of its agents Min Wang and Yannan Wang.

WHEREFORE, if it is determined that Defendants/Third-Party Plaintiffs Boardwalk Fresh Burgers & Fries, Inc. and David DiFerdinando are liable to Plaintiffs in any way, Defendants/Third-Party Plaintiffs demand judgment in their favor and against and Third-Party Defendant New City Capital, LLC, together with all expenses paid or incurred by Defendants/Third-Party Plaintiffs in connection with the defense of this action, and such other and further relief as justice may require.

### COUNT III
### CONTRIBUTION
### (Against Min Wang a/k/a Lili Wang)

103.    Third-Party Plaintiffs re-allege and incorporate the allegations contained in paragraph 1-90 above as if fully restated herein.

104.    Plaintiffs allege that their injuries were caused by the actions and/or omissions of Defendants/Third-Party Plaintiffs.

105.    Defendants/Third-Party Plaintiffs are without fault and deny any and all liability to Plaintiffs.

106.    While Defendants/Third-Party Plaintiffs deny any liability, if it is determined that Defendants/Third-Party Plaintiffs were liable, any such liability arose out of the acts and/or omissions of Min Wang.

107.    Specifically, Min Wang is the proximate cause of Plaintiffs' alleged damages because she misrepresented her qualifications and experience to Plaintiffs; failed to disclose her conflicts of interest with the Chan Defendants; failed to perform appropriate due diligence on the Chan Defendants; failed to properly supervise the Chan Defendants' activities; failed to supervise and monitor Plaintiffs' investment funds; and breached her fiduciary duties to Plaintiffs. *See* paragraphs 21-29, 41-54, 55-68, and 69-76.

WHEREFORE, if it is determined that Defendants/Third-Party Plaintiffs Boardwalk Fresh Burgers & Fries, Inc. and David DiFerdinando are liable to Plaintiffs in any way, Defendants/Third-Party Plaintiffs demand judgment in their favor and against and Third-Party Defendant Min Wang, together with all expenses paid or incurred by Defendants/Third-Party Plaintiffs in connection with the defense of this action, and such other and further relief as justice may require.

**COUNT IV**
**CONTRIBUTION**
**(Against Yannan Wang)**

108.    Third-Party Plaintiffs re-allege and incorporate the allegations contained in paragraph 1-90 above as if fully restated herein.

109.    Plaintiffs allege that their injuries were caused by the actions and/or omissions of Defendants/Third-Party Plaintiffs.

110.    Defendants/Third-Party Plaintiffs are without fault and deny any and all liability to Plaintiffs.

111.    While Defendants/Third-Party Plaintiffs deny any liability, if it is determined that Defendants/Third-Party Plaintiffs were liable, any such liability arose out of the acts and/or omissions of Yannan Wang.

112.    Specifically, Yannan Wang is the proximate cause of Plaintiffs' alleged damages because she misrepresented his qualifications and experience to Plaintiffs; failed to disclose his conflicts of interest with the Chan Defendants; failed to perform appropriate due diligence on the Chan Defendants; failed to properly supervise the Chan Defendants' activities; failed to supervise and monitor Plaintiffs' investment funds; and breached his fiduciary duties to Plaintiffs.  *See* paragraphs 21-29, 41-54, 55-68, and 69-76.

WHEREFORE, if it is determined that Defendants/Third-Party Plaintiffs Boardwalk Fresh Burgers & Fries, Inc. and David DiFerdinando are liable to Plaintiffs in any way, Defendants/Third-Party Plaintiffs demand judgment in their favor and against and Third-Party Defendant Yannan Wang, together with all expenses paid or incurred by Defendants/Third-Party Plaintiffs in connection with the defense of this action, and such other and further relief as justice may require.

**COUNT V**
**INDEMNIFICATION**
**(Against New City Advisors, LLC)**

113.   Third-Party Plaintiffs re-allege and incorporate the allegations contained in paragraph 1-90 above as if fully restated herein.

114.   Plaintiffs allege that their injuries were caused by the actions and/or omissions of Defendants/Third-Party Plaintiffs.

115.   Defendants/Third-Party Plaintiffs are without fault and deny any and all liability to Plaintiffs.

116.   However, if Plaintiffs are found to have been damaged as alleged in the Complaint, then such damages were the proximate result of the fault, negligence, or other breach of duty owed by New City Advisors, LLC, without any negligence or fault of Defendants/Third-Party Plaintiffs contributing thereto.

117.   Should Plaintiffs be found to be entitled to damages, New City Advisors, LLC is liable for the entire amount of damages awarded because New City Advisors, LLC's acts and/or omissions were the sole, active, primary, independent and culpable cause of any and all damages of which Plaintiffs complain, and any acts of Defendants/Third-Party Plaintiffs were secondary, passive, and innocent.

118.    Specifically, New City Advisors, LLC is the proximate cause of Plaintiffs'
alleged damages because its agents/owners/principals Min Wang and Yannan Wang
misrepresented their qualifications and experience to Plaintiffs; failed to disclose their conflicts
of interest with the Chan Defendants; failed to perform appropriate due diligence on the Chan
Defendants; failed to properly supervise the Chan Defendants' activities; failed to supervise and
monitor Plaintiffs' investment funds; and breached their fiduciary duties to Plaintiffs.  *See*
paragraphs 21-29, 41-54, 55-68, and 69-76.

119.    New City Advisors, LLC as principal is liable for the acts of its agents Min Wang
and Yannan Wang.

120.    Defendants/Third-Party Plaintiffs assert every right of indemnity against New
City Advisors, LLC as may be allowed by statute or common law or both.

WHEREFORE, Defendants/Third-Party Plaintiffs Boardwalk Fresh Burgers & Fries, Inc.
and David DiFerdinando demand judgment against New City Advisors, LLC for any and all
sums that may be adjudged against Defendants/Third-Party Plaintiffs in favor of Plaintiffs,
together with all expenses paid or incurred by Defendants/Third-Party Plaintiffs in connection
with the defense of this action, and such other and further relief as justice may require.

## COUNT VI
### INDEMNIFICATION
#### (Against New City Capital, LLC)

121.    Third-Party Plaintiffs re-allege and incorporate the allegations contained in
paragraph 1-90 above as if fully restated herein.

122.    Plaintiffs allege that their injuries were caused by the actions and/or omissions of
Defendants/Third-Party Plaintiffs.

123.    Defendants/Third-Party Plaintiffs are without fault and deny any and all liability to Plaintiffs.

124.    However, if Plaintiffs are found to have been damaged as alleged in the Complaint, then such damages were the proximate result of the fault, negligence, or other breach of duty owed by New City Capital, LLC, without any negligence or fault of Defendants/Third-Party Plaintiffs contributing thereto.

125.    Should Plaintiffs be found to be entitled to damages, New City Capital, LLC is liable for the entire amount of damages awarded because New City Capital, LLC's acts and/or omissions were the sole, active, primary, independent and culpable cause of any and all damages of which Plaintiffs complain, and any acts of Defendants/Third-Party Plaintiffs were secondary, passive, and innocent.

126.    Specifically, New City Capital, LLC is the proximate cause of Plaintiffs' alleged damages because its agents/owners/principals Min Wang and Yannan Wang misrepresented their qualifications and experience to Plaintiffs; failed to disclose their conflicts of interest with the Chan Defendants; failed to perform appropriate due diligence on the Chan Defendants; failed to properly supervise the Chan Defendants' activities; failed to supervise and monitor Plaintiffs' investment funds; and breached their fiduciary duties to Plaintiffs.  *See* paragraphs 21-29, 41-54, 55-68, and 69-76.

127.    New City Capital, LLC as principal is liable for the acts of its agents Min Wang and Yannan Wang.

128.    Defendants/Third-Party Plaintiffs assert every right of indemnity against New City Advisors, LLC as may be allowed by statute or common law or both.

WHEREFORE, Defendants/Third-Party Plaintiffs Boardwalk Fresh Burgers & Fries, Inc. and David DiFerdinando demand judgment against New City Capital, LLC for any and all sums that may be adjudged against Defendants/Third-Party Plaintiffs in favor of Plaintiffs, together with all expenses paid or incurred by Defendants/Third-Party Plaintiffs in connection with the defense of this action, and such other and further relief as justice may require.

**COUNT VII**
**INDEMNIFICATION**
**(Against Min Wang a/k/a Lili Wang)**

129.    Third-Party Plaintiffs re-allege and incorporate the allegations contained in paragraph 1-90 above as if fully restated herein.

130.    Plaintiffs allege that their injuries were caused by the actions and/or omissions of Defendants/Third-Party Plaintiffs.

131.    Defendants/Third-Party Plaintiffs are without fault and deny any and all liability to Plaintiffs.

132.    However, if Plaintiffs are found to have been damaged as alleged in the Complaint, then such damages were the proximate result of the fault, negligence, or other breach of duty owed by Min Wang, without any negligence or fault of Defendants/Third-Party Plaintiffs contributing thereto.

133.    Should Plaintiffs be found to be entitled to damages, Min Wang is liable for the entire amount of damages awarded because Min Wang's acts and/or omissions were the sole, active, primary, independent and culpable cause of any and all damages of which Plaintiffs complain, and any acts of Defendants/Third-Party Plaintiffs were secondary, passive, and innocent.

134.    Specifically, Min Wang is the proximate cause of Plaintiffs' alleged damages because she misrepresented her qualifications and experience to Plaintiffs; failed to disclose her conflicts of interest with the Chan Defendants; failed to perform appropriate due diligence on the Chan Defendants; failed to properly supervise the Chan Defendants' activities; failed to supervise and monitor Plaintiffs' investment funds; and breached her fiduciary duties to Plaintiffs.  *See* paragraphs 21-29, 41-54, 55-68, and 69-76.

135.    Defendants/Third-Party Plaintiffs assert every right of indemnity against Min Wang as may be allowed by statute or common law or both.

WHEREFORE, Defendants/Third-Party Plaintiffs Boardwalk Fresh Burgers & Fries, Inc. and David DiFerdinando demand judgment against Min Wang for any and all sums that may be adjudged against Defendants/Third-Party Plaintiffs in favor of Plaintiffs, together with all expenses paid or incurred by Defendants/Third-Party Plaintiffs in connection with the defense of this action, and such other and further relief as justice may require.

**COUNT VIII**
**INDEMNIFICATION**
**(Against Yannan Wang)**

136.    Third-Party Plaintiffs re-allege and incorporate the allegations contained in paragraph 1-90 above as if fully restated herein.

137.    Plaintiffs allege that their injuries were caused by the actions and/or omissions of Defendants/Third-Party Plaintiffs.

138.    Defendants/Third-Party Plaintiffs are without fault and deny any and all liability to Plaintiffs.

139.    However, if Plaintiffs are found to have been damaged as alleged in the Complaint, then such damages were the proximate result of the fault, negligence, or other breach

of duty owed by Yannan Wang, without any negligence or fault of Defendants/Third-Party Plaintiffs contributing thereto.

140.     Should Plaintiffs be found to be entitled to damages, Yannan Wang is liable for the entire amount of damages awarded because Yannan Wang's acts and/or omissions were the sole, active, primary, independent and culpable cause of any and all damages of which Plaintiffs complain, and any acts of Defendants/Third-Party Plaintiffs were secondary, passive, and innocent.

141.     Specifically, Yannan Wang is the proximate cause of Plaintiffs' alleged damages because she misrepresented his qualifications and experience to Plaintiffs; failed to disclose his conflicts of interest with the Chan Defendants; failed to perform appropriate due diligence on the Chan Defendants; failed to properly supervise the Chan Defendants' activities; failed to supervise and monitor Plaintiffs' investment funds; and breached his fiduciary duties to Plaintiffs.  *See* paragraphs 21-29, 41-54, 55-68, and 69-76.

142.     Defendants/Third-Party Plaintiffs assert every right of indemnity against Yannan Wang as may be allowed by statute or common law or both.

WHEREFORE, Defendants/Third-Party Plaintiffs Boardwalk Fresh Burgers & Fries, Inc. and David DiFerdinando demand judgment against Yannan Wang for any and all sums that may be adjudged against Defendants/Third-Party Plaintiffs in favor of Plaintiffs, together with all expenses paid or incurred by Defendants/Third-Party Plaintiffs in connection with the defense of this action, and such other and further relief as justice may require.

**COUNT IX**
**CONTRIBUTION**
**(Against Gary Chan)**

143.    Third-Party Plaintiffs re-allege and incorporate the allegations contained in paragraph 1-90 above as if fully restated herein.

144.    Plaintiffs allege that their injuries were caused by the actions and/or omissions of Defendants/Third-Party Plaintiffs.

145.    Defendants/Third-Party Plaintiffs are without fault and deny any and all liability to Plaintiffs.

146.    However, if Plaintiffs are found to have been damaged as alleged in the Complaint, then such damages were the proximate result of the fault, negligence, or other breach of duty owed by Gary Chan, without any negligence or fault of Defendants/Third-Party Plaintiffs contributing thereto.  *See* paragraphs 30-40, 77-82, and 83-90.

147.    Should Plaintiffs be found to be entitled to damages, Gary Chan is liable for the entire amount of damages awarded because Gary Chan's acts and/or omissions were the sole, active, primary, independent and culpable cause of any and all damages of which Plaintiffs complain, and any acts of Defendants/Third-Party Plaintiffs were secondary, passive, and innocent.

148.    Defendants/Third-Party Plaintiffs assert every right of indemnity against Gary Chan as may be allowed by statute or common law or both.

WHEREFORE, Defendants/Third-Party Plaintiffs Boardwalk Fresh Burgers & Fries, Inc. and David DiFerdinando demand judgment against Gary Chan for any and all sums that may be adjudged against Defendants/Third-Party Plaintiffs in favor of Plaintiffs, together with all expenses paid or incurred by Defendants/Third-Party Plaintiffs in connection with the defense of this action, and such other and further relief as justice may require.

## COUNT X
## CONTRIBUTION
### (Against Archway Partners, LLC)

149.    Third-Party Plaintiffs re-allege and incorporate the allegations contained in paragraph 1-90 above as if fully restated herein.

150.    Plaintiffs allege that their injuries were caused by the actions and/or omissions of Defendants/Third-Party Plaintiffs.

151.    Defendants/Third-Party Plaintiffs are without fault and deny any and all liability to Plaintiffs.

152.    However, if Plaintiffs are found to have been damaged as alleged in the Complaint, then such damages were the proximate result of the fault, negligence, or other breach of duty owed by Archway Partners, LLC, without any negligence or fault of Defendants/Third-Party Plaintiffs contributing thereto.  *See* paragraphs 30-40, 77-82, and 83-90.

153.    Should Plaintiffs be found to be entitled to damages, Archway Partners, LLC is liable for the entire amount of damages awarded because Archway Partners, LLC's and its agents' acts and/or omissions were the sole, active, primary, independent and culpable cause of any and all damages of which Plaintiffs complain, and any acts of Defendants/Third-Party Plaintiffs were secondary, passive, and innocent.

154.    Defendants/Third-Party Plaintiffs assert every right of indemnity against Archway Partners, LLC as may be allowed by statute or common law or both.

WHEREFORE, Defendants/Third-Party Plaintiffs Boardwalk Fresh Burgers & Fries, Inc. and David DiFerdinando demand judgment against Archway Partners, LLC for any and all sums that may be adjudged against Defendants/Third-Party Plaintiffs in favor of Plaintiffs, together

with all expenses paid or incurred by Defendants/Third-Party Plaintiffs in connection with the defense of this action, and such other and further relief as justice may require.

## COUNT XI
## CONTRIBUTION
### (Against Jardin Hill, LLC)

155.    Third-Party Plaintiffs re-allege and incorporate the allegations contained in paragraph 1-90 above as if fully restated herein.

156.    Plaintiffs allege that their injuries were caused by the actions and/or omissions of Defendants/Third-Party Plaintiffs.

157.    Defendants/Third-Party Plaintiffs are without fault and deny any and all liability to Plaintiffs.

158.    However, if Plaintiffs are found to have been damaged as alleged in the Complaint, then such damages were the proximate result of the fault, negligence, or other breach of duty owed by Jardin Hill, LLC, without any negligence or fault of Defendants/Third-Party Plaintiffs contributing thereto.  *See* paragraphs 30-40, 77-82, and 83-90.

159.    Should Plaintiffs be found to be entitled to damages, Jardin Hill, LLC is liable for the entire amount of damages awarded because Jardin Hill, LLC's and its agents' acts and/or omissions were the sole, active, primary, independent and culpable cause of any and all damages of which Plaintiffs complain, and any acts of Defendants/Third-Party Plaintiffs were secondary, passive, and innocent.

160.    Defendants/Third-Party Plaintiffs assert every right of indemnity against Jardin Hill, LLC as may be allowed by statute or common law or both.

WHEREFORE, Defendants/Third-Party Plaintiffs Boardwalk Fresh Burgers & Fries, Inc. and David DiFerdinando demand judgment against Jardin Hill, LLC for any and all sums that may be adjudged against Defendants/Third-Party Plaintiffs in favor of Plaintiffs, together with all expenses paid or incurred by Defendants/Third-Party Plaintiffs in connection with the defense of this action, and such other and further relief as justice may require.

## COUNT XII
### CONTRIBUTION
**(Against Clearwater Hospitality Group, LLC)**

161.    Third-Party Plaintiffs re-allege and incorporate the allegations contained in paragraph 1-90 above as if fully restated herein.

162.    Plaintiffs allege that their injuries were caused by the actions and/or omissions of Defendants/Third-Party Plaintiffs.

163.    Defendants/Third-Party Plaintiffs are without fault and deny any and all liability to Plaintiffs.

164.    However, if Plaintiffs are found to have been damaged as alleged in the Complaint, then such damages were the proximate result of the fault, negligence, or other breach of duty owed by Clearwater Hospitality Group, LLC, without any negligence or fault of Defendants/Third-Party Plaintiffs contributing thereto.  *See* paragraphs 30-40, 77-82, and 83-90.

165.    Should Plaintiffs be found to be entitled to damages, Clearwater Hospitality Group, LLC is liable for the entire amount of damages awarded because Clearwater Hospitality Group, LLC's and its agents' acts and/or omissions were the sole, active, primary, independent and culpable cause of any and all damages of which Plaintiffs complain, and any acts of Defendants/Third-Party Plaintiffs were secondary, passive, and innocent.

166.     Defendants/Third-Party Plaintiffs assert every right of indemnity against Clearwater Hospitality Group, LLC as may be allowed by statute or common law or both.

WHEREFORE, Defendants/Third-Party Plaintiffs Boardwalk Fresh Burgers & Fries, Inc. and David DiFerdinando demand judgment against Jardin Hill, LLC for any and all sums that may be adjudged against Defendants/Third-Party Plaintiffs in favor of Plaintiffs, together with all expenses paid or incurred by Defendants/Third-Party Plaintiffs in connection with the defense of this action, and such other and further relief as justice may require.

**COUNT XIII**
**INDEMNIFICATION**
**(against Gary Chan)**

167.     Third-Party Plaintiffs re-allege and incorporate the allegations contained in paragraph 1-90 above as if fully restated herein.

168.     Plaintiffs allege that their injuries were caused by the actions and/or omissions of Defendants/Third-Party Plaintiffs.

169.     Defendants/Third-Party Plaintiffs are without fault and deny any and all liability to Plaintiffs.

170.     While Defendants/Third-Party Plaintiffs deny any liability, if it is determined that Defendants/Third-Party Plaintiffs were liable, any such liability arose out of the acts and/or omissions of Gary Chan.  *See* paragraphs 30-40, 77-82, and 83-90.

WHEREFORE, Defendants/Third-Party Plaintiffs Boardwalk Fresh Burgers & Fries, Inc. and David DiFerdinando demand judgment against Gary Chan for any and all sums that may be adjudged against Defendants/Third-Party Plaintiffs in favor of Plaintiffs, together with all expenses paid or incurred by Defendants/Third-Party Plaintiffs in connection with the defense of this action, and such other and further relief as justice may require.

## COUNT XIV
## INDEMNIFICATION
### (against Archway Partners, LLC)

171.    Third-Party Plaintiffs re-allege and incorporate the allegations contained in paragraph 1-90 above as if fully restated herein.

172.    Plaintiffs allege that their injuries were caused by the actions and/or omissions of Defendants/Third-Party Plaintiffs.

173.    Defendants/Third-Party Plaintiffs are without fault and deny any and all liability to Plaintiffs.

174.    While Defendants/Third-Party Plaintiffs deny any liability, if it is determined that Defendants/Third-Party Plaintiffs were liable, any such liability arose out of the acts and/or omissions of Archway Partners, LLC and/or its agents.  *See* paragraphs 30-40, 77-82, and 83-90.

175.    Archway Partners, LLC is liable for the acts and/or omissions of its agents, including Gary Chan.

WHEREFORE, Defendants/Third-Party Plaintiffs Boardwalk Fresh Burgers & Fries, Inc. and David DiFerdinando demand judgment against Archway Partners, LLC for any and all sums that may be adjudged against Defendants/Third-Party Plaintiffs in favor of Plaintiffs, together with all expenses paid or incurred by Defendants/Third-Party Plaintiffs in connection with the defense of this action, and such other and further relief as justice may require.

## COUNT XV
## INDEMNIFICATION
### (against Jardin Hill, LLC)

176.    Third-Party Plaintiffs re-allege and incorporate the allegations contained in paragraph 1-90 above as if fully restated herein.

177.     Plaintiffs allege that their injuries were caused by the actions and/or omissions of Defendants/Third-Party Plaintiffs.

178.     Defendants/Third-Party Plaintiffs are without fault and deny any and all liability to Plaintiffs.

179.     While Defendants/Third-Party Plaintiffs deny any liability, if it is determined that Defendants/Third-Party Plaintiffs were liable, any such liability arose out of the acts and/or omissions of Jardin Hill, LLC and/or its agents.  *See* paragraphs 30-40, 77-82, and 83-90.

180.     Jardin Hill, LLC is liable for the acts and/or omissions of its agents, including Gary Chan.

WHEREFORE, Defendants/Third-Party Plaintiffs Boardwalk Fresh Burgers & Fries, Inc. and David DiFerdinando demand judgment against Jardin Hill, LLC for any and all sums that may be adjudged against Defendants/Third-Party Plaintiffs in favor of Plaintiffs, together with all expenses paid or incurred by Defendants/Third-Party Plaintiffs in connection with the defense of this action, and such other and further relief as justice may require.

## COUNT XVI
## INDEMNIFICATION
### (against Clearwater Hospitality Group, LLC)

181.     Third-Party Plaintiffs re-allege and incorporate the allegations contained in paragraph 1-90 above as if fully restated herein.

182.     Plaintiffs allege that their injuries were caused by the actions and/or omissions of Defendants/Third-Party Plaintiffs.

183.     Defendants/Third-Party Plaintiffs are without fault and deny any and all liability to Plaintiffs.

184.    While Defendants/Third-Party Plaintiffs deny any liability, if it is determined that Defendants/Third-Party Plaintiffs were liable, any such liability arose out of the acts and/or omissions of Clearwater Hospitality Group, LLC and/or its agents.  *See* paragraphs 30-40, 77-82, and 83-90.

185.    Clearwater Hospitality Group, LLC is liable for the acts and/or omissions of its agents, including Gary Chan.

WHEREFORE, Defendants/Third-Party Plaintiffs Boardwalk Fresh Burgers & Fries, Inc. and David DiFerdinando demand judgment against Clearwater Hospitality Group, LLC for any and all sums that may be adjudged against Defendants/Third-Party Plaintiffs in favor of Plaintiffs, together with all expenses paid or incurred by Defendants/Third-Party Plaintiffs in connection with the defense of this action, and such other and further relief as justice may require.

## COUNT XVII
## FRAUDULENT MISREPRESENTATION
### (Against the Chan Defendants, jointly and severally)

186.    Third-Party Plaintiffs re-allege and incorporate the allegations contained in paragraph 1-90 above as if fully restated herein.

187.    The Chan Defendants represented to BFBF that the Chan Defendants were developing a *bona fide* investment program whereby several foreign investors would open BFBF franchises in southern Ohio.

188.    Based on the Chan Defendants' representations, BFBF entered into the Development Agent Agreement with Jardin Hill, thereby providing Jardin Hill and the Chan Defendants with access to BFBF's proprietary business information.

189.    But for the Chan Defendants' representations, BFBF would not have entered into the Development Agent Agreement with Jardin Hill or conduct business with any of the other companies set up by the Chans in connection with Plaintiffs' EB-5 investments.

190.    Similarly, but for the Chan Defendants' representations, BFBF would never have provided Jardin Hill or the Chan Defendants with access to BFBF's proprietary business information.

191.    At the time the Chan Defendants made their representations to BFBF, the Chan Defendants had no intention of developing a *bona fide* investment program.   The Chan Defendants also knew that no such BFBF franchises would actually be opened.

192.    In fact, the Chan Defendants had no intention of opening or supporting the opening of such franchises.

193.    Instead, their goal and purpose was only to attract foreign investors' money so that the Chan Defendants could misappropriate those funds.

194.    Third-Party Plaintiffs had no knowledge or reason to suspect the Chan Defendants' representations  were false at the time that such representations were made.

195.    Third-Party Plaintiffs have suffered damages as a direct and proximate result of the Chan Defendants' fraudulent misrepresentations to Third-Party Plaintiffs.

196.    These damages include lost franchise revenues, lost business opportunities, and devaluation of the BFBF brand, as well as attorney's fees and costs incurred defending against Plaintiffs' suits premised on the Chan Defendants' own fraudulent scheme.

197.    In addition, Gary Chan, individually and/or on behalf of Archway, Jardin Hill, and/or Clearwater, represented to Third-Party Plaintiffs that he would only use BFBF's proprietary business information for lawful and legitimate purposes.

198.   In fact, Gary Chan, on behalf of Jardin Hill, made express representations in Jardin Hill's Development Agent Agreement with BFBF that Jardin Hill would not use such information, including BFBF's proprietary marks, for any use not authorized by BFBF or to operate any business other than that of development agent.

199.   Neither BFBF nor DiFerdinando authorized any of the Chan Defendants to create the "Business Plan".

200.   Neither BFBF nor DiFerdinando authorized any of the Chan Defendants to use BFBF's proprietary marks to further the Chan Defendants' scheme to defraud Plaintiffs.

201.   At the time that the Chan Defendants made these representations to Third-Party Plaintiffs, the Chan Defendants knew that their own representations were false.  Nor did the Chan Defendants have any intention of complying with their contractual and oral representations to Third-Party Plaintiffs.

202.   Third-Party Plaintiffs had no knowledge or reason to suspect the Chan Defendants' representations at the time that such representations were made.

203.   Third-Party Plaintiffs have suffered damages as a direct and proximate result of the Chan Defendants' fraudulent misrepresentations to Third-Party Plaintiffs.

204.   These damages include lost franchise revenues, lost business opportunities, and devaluation of the BFBF brand, as well as attorney's fees and costs incurred defending against Plaintiffs' suits premised on the Chan Defendants' own fraudulent scheme.

WHEREFORE, Defendants/Third-Party Plaintiffs Boardwalk Fresh Burgers & Fries, Inc. and David DiFerdinando demand judgment against Third-Party Defendants Gary Chan, Archway Partners, LLC, Jardin Hill, LLC, and Clearwater Hospitality Group, LLC in an amount

exceeding $75,000 in compensatory damages, punitive damages, attorney's fees and costs incurred in connection with this action, and such other and further relief as justice may require.

## COUNT XVIII
## NEGLIGENT MISREPRESENTATION
### (against the Chan Defendants, jointly and severally)

205.    Third-Party Plaintiffs re-allege and incorporate the allegations contained in paragraph 1-90 above as if fully restated herein.

206.    The Chan Defendants represented to BFBF that the Chan Defendants were developing a *bona fide* investment program whereby several foreign investors would open BFBF franchises in southern Ohio.

207.    Based on the Chan Defendants' representations, BFBF entered into the Development Agent Agreement with Jardin Hill, thereby providing Jardin Hill (directly) and the Chan Defendants (indirectly) with access to BFBF's proprietary business information.

208.    But for the Chan Defendants' representations, BFBF would not have entered into the Development Agent Agreement with Jardin Hill or conduct business with any of the other companies set up by the Chans in connection with Plaintiffs' EB-5 investments.

209.    Similarly, but for the Chan Defendants' representations, BFBF would never have provided Jardin Hill or the Chan Defendants with access to BFBF's proprietary business information.

210.    At the time that the Chan Defendants made their representations to BFBF, the Chan Defendants had no intention of developing a *bona fide* investment program.  The Chan Defendants also knew that no such BFBF franchises would actually be opened.

211.    In fact, the Chan Defendants had no intention of opening or supporting the opening of such franchises.

212.     Instead, their goal and purpose was only to attract foreign investors' money so that the Chan Defendants could misappropriate those funds.

213.     Third-Party Plaintiffs had no knowledge or reason to suspect the Chan Defendants' representations at the time that such representations were made.

214.     Third-Party Plaintiffs have suffered damages as a direct and proximate result of the Chan Defendants' negligent misrepresentations to Third-Party Plaintiffs.

215.     These damages include lost franchise revenues, lost business opportunities, and devaluation of the BFBF brand, as well as attorney's fees and costs incurred defending against Plaintiffs' suits premised on the Chan Defendants' own deceptive scheme.

216.     In addition, Gary Chan, individually and/or on behalf of Archway, Jardin Hill, and/or Clearwater, represented to Third-Party Plaintiffs that he would only use BFBF's proprietary business information for lawful and legitimate purposes.

217.     In fact, Gary Chan, on behalf of Jardin Hill, made express representations in Jardin Hill's Development Agent Agreement with BFBF that Jardin Hill would not use such information, including BFBF's proprietary marks, for any use not authorized by BFBF or to operate any business other than that of development agent.

218.     Neither BFBF nor DiFerdinando authorized any of the Chan Defendants to create the "Business Plan".

219.     Neither BFBF nor DiFerdinando authorized any of the Chan Defendants to use BFBF's proprietary marks to further the Chan Defendants' scheme to defraud Plaintiffs.

220.     At the time that the Chan Defendants made these representations to Third-Party Plaintiffs, the Chan Defendants knew that their own representations were false.  Nor did the

Chan Defendants have any intention of complying with their contractual and oral representations to Third-Party Plaintiffs.

221.    Third-Party Plaintiffs had no knowledge or reason to suspect the Chan Defendants' representations at the time that such representations were made.

222.    Third-Party Plaintiffs have suffered damages as a direct and proximate result of the Chan Defendants' negligent misrepresentations to Third-Party Plaintiffs.

223.    These damages include lost franchise revenues, lost business opportunities, and devaluation of the BFBF brand, as well as attorney's fees and costs incurred defending against Plaintiffs' suits premised on the Chan Defendants' own deceptive scheme.

WHEREFORE, Defendants/Third-Party Plaintiffs Boardwalk Fresh Burgers & Fries, Inc. and David DiFerdinando demand judgment against Third-Party Defendants Gary Chan, Archway Partners, LLC, Jardin Hill, LLC, and Clearwater Hospitality Group, LLC in an in an amount exceeding $75,000 in compensatory damages, punitive damages, attorney's fees and costs incurred in connection with this action, and such other and further relief as justice may require.

Dated: November 24, 2020                    Respectfully submitted,

/s/ _Suzanne B. Hill _____
DANIEL J. GERBER, ESQUIRE
Florida Bar No. 0764957
SUZANNE BARTO HILLL, ESQUIRE
Florida Bar No. 0846694
Rumberger, Kirk & Caldwell
300 South Orange Avenue, Suite 1400
Orlando, Florida  32802-1873
Telephone:  (407) 872-7300
Telecopier:  (407) 841-2133
dgerber@rumberger.com
shill@rumberger.com

DEREK P. ROUSSILLON, ESQUIRE
(Admitted *Pro Hac Vice*)
MILES & STOCKBRIDGE P.C.

100 Light Street
Baltimore, Maryland 21202
410.727.6464
droussillon@milesstockbridge.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 24, 2020, a copy of the foregoing was served on all counsel of record via this Court's CM/ECF electronic filing system.

*/s/ Suzanne Barto Hill*
SUZANNE BARTO HILL, ESQUIRE
Florida Bar No. 0846694
RUMBERGER, KIRK & CALDWELL