UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BOARDWALK FRESH BURGERS &
FRIES, INC., et al.,

     Third-Party Plaintiffs,

v.                                    Case No. 8:19-cv-2527-VMC-CPT

MIN WANG, et al.,

     Third-Party Defendants.
_____/

**ORDER**

This matter comes before the Court upon consideration of Third-Party Defendants Min Wang a/k/a Lili Wang, Yannan Wang, New City Advisors, LLC, and New City Capital LLC's Motion to Dismiss First Amended Third-Party Complaint (Doc. # 133), filed on December 7, 2020. Third-Party Plaintiffs Boardwalk Fresh Burgers & Fries, Inc., and David DiFerdinando responded on December 21, 2020. (Doc. # 138). For the reasons set forth below, the Motion is granted in part.

**I.    Background**

Both the Court and the parties are familiar with the facts underlying this case. Accordingly, the Court need not reiterate them here.

Plaintiffs initiated this action on October 11, 2019. (Doc. # 1). On August 6, 2020, Third-Party Plaintiffs filed

1

a third-party complaint. (Doc. # 73). On November 9, 2020, the Court sua sponte dismissed the third-party complaint as an impermissible shotgun pleading, granting leave to amend. (Doc. # 125).

On November 24, 2020, Third-Party Plaintiffs filed an amended third-party complaint, in which they seek contribution from Third-Party Defendants New City Advisors, LLC (Count I), New City Capital, LLC (Count II), Lili Wang (Count III), Yannan Wang (Count IV), Gary Chan (Count IX), Archway Partners, LLC (Count X), Jardin Hill, LLC (Count XI), and Clearwater Hospitality Group, LLC (Count XII), indemnification from New City Advisors, LLC (Count V), New City Capital, LLC (Count VI), Lili Wang (Count VII), Yannan Wang (Count VIII), Gary Chan (Count XIII), Archway Partners, LLC (Count XIV), Jardin Hill, LLC (Count XV), and Clearwater Hospitality Group, LLC (Count XVI), fraudulent misrepresentation against Gary Chan, Archway Partners, LLC, Jardin Hill, LLC, and Clearwater Hospitality Group, LLC (collectively, the "Chan Defendants") (Count XVII), and negligent misrepresentation against the Chan Defendants (Count XVIII). (Doc. # 127).

On December 7, 2020, Third-Party Defendants Lili Wang, Yannan Wang, New City Advisors, LLC, and New City Capital,

LLC (collectively, the "New City Defendants"), moved to dismiss the amended third-party complaint in its entirety. (Doc. # 133). Third-Party Plaintiffs responded on December 21, 2020 (Doc. # 138), and the Motion is now ripe for review.

## II.  Discussion

In their Motion, the New City Defendants argue that the amended third-party complaint should be dismissed with prejudice for the following reasons: (1) the third-party complaint fails to state a claim for contribution or indemnification under Florida law; (2) the third-party complaint is still a shotgun pleading; and (3) the amended third-party complaint is based on the now inoperative second amended complaint.

### A.  Sufficiency of Claims Under Florida Law

First, the New City Defendants argue that the amended third-party complaint should be dismissed because it fails to state claims for contribution and indemnification under Florida law. (Doc. # 133 at 6). Third-Party Plaintiffs respond that Florida law does not apply, and that a determination of which law applies is premature. (Doc. # 138 at 7).

Given the limited factual record and lack of complete briefing on the choice-of-law issue, the Court declines to issue a holding that Florida, rather than Ohio or Maryland

3

law, applies to the claims in this action. See Avago Techs.
Ltd. v. Aigner, No. 6:10-CV-1486-ACC-DAB, 2011 WL 13141507,
at *2 (M.D. Fla. Aug. 10, 2011) ("[N]umerous district courts
have refused to address a choice-of-law dispute at the motion
to dismiss stage when lacking a developed factual record.");
Am. Home Assur. Co. v. Weaver Aggregate Transp., Inc., No.
5:10-cv-329-WTH-GRJ, 2011 WL 794817, at *5 (M.D. Fla. Mar. 1,
2011) (refusing to conduct a conflict-of-law analysis at the
motion-to-dismiss stage because the record did not provide
the court with sufficient information to determine where the
parties' relationship was centered).

Indeed, the Court cannot base this determination on the
New City Defendants' conclusory analysis of the choice-of-
law issue, which does not discuss Third-Party Plaintiffs'
contention that some of the claims sound in contract, rather
than in tort, or whether the claims might survive under
Maryland or Ohio law. (Doc. # 133 at 6-8); see Viera v. BASF
Catalysts, LLC, No. 5:16-cv-1-JSM-PRL, 2016 WL 1394333, at *1
n.2 (M.D. Fla. Apr. 8, 2016) ("Additionally, given the [fact-
intensive] inquiry required to determine the applicable law,
a choice-of-law determination at this stage would be
premature."). Accordingly, the Motion is denied as to this
requested relief.

**B. Shotgun Pleading**

Next, the New City Defendants argue that the amended third-party complaint should again be dismissed as a shotgun pleading because "paragraphs 41-76 (which reference Third-Party Defendants' alleged wrong-doing) group Third-Party Defendants together and do not specify which of the Third-Party Defendants is responsible for which acts or omissions." (Doc. # 133 at 5-6). The New City Defendants also argue that the amended third-party complaint is not clear enough to provide them with an opportunity to frame a response. (Id.).

The Eleventh Circuit has "identified four rough types or categories of shotgun pleadings": (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts"; (2) a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint that does "not separat[e] into a different count each cause of action or claim for relief"; and (4) a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1322-23 (11th Cir. 2015). "The

unifying characteristic of all types of shotgun pleadings is that they fail to . . . give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id. at 1323.

Here, the New City Defendants argue that the amended third-party complaint falls under the fourth category identified in Weiland. (Doc. # 133 at 5-6). As noted, the New City Defendants point to paragraphs 41 through 76 of the amended third-party complaint as impermissibly asserting multiple claims against multiple defendants. (Id.).

The Court agrees with the New City Defendants that the amended third-party complaint impermissibly lumps the actions of all New City Defendants together. The entirety of the complaint groups the four New City Defendants – Lili Wang, Yannan Wang, New City Advisors, LLC, and New City Capital, LLC – together, such that it is impossible to determine which defendant engaged in what conduct. (Doc. # 127). Even assuming that New City Advisors, LLC, and New City Capital, LLC, are the same entity, as Third-Party Plaintiffs allege, Lili and Yannan Wang are not the same person. (Id. at ¶ 8).

In paragraph 47, for example, Third-Party Plaintiffs allege that "[t]he New City Defendants . . . held themselves out to Plaintiffs as familiar and experienced with the EB-5

6

program and investments made thereunder." (Doc. # 127 at ¶ 47). In another paragraph, the amended third-party complaint alleges that "the New City Defendants . . . acted as [the Plaintiffs'] translators." (Id. at ¶ 53). Based on those short examples alone, it is unclear which "New City Defendant" is responsible for those acts. See Gazzola v. NCL (Bah.) Ltd., No. 19-21535-CIV-MORENO, 2019 WL 3067506, at *2 (S.D. July 12, 2019) ("Plaintiff's Complaint, which brings a negligence claim against multiple Defendants, is an example of the quintessential 'shotgun pleading,' because paragraphs 12-14 group together the Defendants and do not specify which of the Defendants is responsible for which acts or omissions."); Lacroix v. W. Dist. of Ky., No. 14-24384-CIV-ALTONAGA, 2014 WL 11412888, at *3 (S.D. Fla. Nov. 19, 2014) ("[T]hroughout the factual allegations of the Complaint, Plaintiffs lump Defendants together in their allegations of wrongdoing, without explaining what each Defendant did and the factual basis for each one's liability.").

This is impermissible. Rather, Third-Party Plaintiffs "must treat each [defendant] as a separate and distinct legal entity and delineate the conduct at issue as to each [defendant]." Fischer v. Fed. Nat'l Mortg. Ass'n, 302 F. Supp. 3d 1327, 1334 (S.D. Fla. 2018) (citation omitted) ("Plaintiff

may not proceed with the 'shotgun pleading' style of lumping all Defendants together as the generic 'Bank.' If Plaintiff chooses to file an amended complaint, he must identify the precise Defendant alleged to have carried out each respective action.").

However, given that Third-Party Plaintiffs did attempt to rectify their earlier pleading deficiencies, in all fairness, the Court again dismisses the amended complaint without prejudice. See Dressler v. U.S. Dep't of Educ., No. 2:18-cv-311-JES-MRM, 2019 WL 130348, at *2-3 (M.D. Fla. Jan. 8, 2019) (dismissing a shotgun pleading without prejudice for a second time, but noting it would be dismissed with prejudice if refiled as a shotgun pleading for a third time). In drafting a second amended third-party complaint, Third-Party Plaintiffs should be sure to discern between the actions of each defendant. See Asbury v. Slider, No. 8:19-cv-874-CEH-SPF, 2020 WL 871097, at *2-3 (M.D. Fla. Feb. 21, 2020) (granting leave to amend a complaint in which the plaintiff lumped the "defendants together without discerning between the actions of each defendant"). Additionally, Third-Party Plaintiffs should refer only to the operative underlying complaint in drafting their second amended third-party complaint.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The New City Defendants' Motion to Dismiss Amended Third-Party Complaint (Doc. # 133) is **GRANTED** in part.

(2) The Amended Third-Party Complaint (Doc. # 127) is **DISMISSED** without prejudice as a shotgun pleading.

(3) Third-Party Plaintiffs may file a second amended third-party complaint that is not a shotgun pleading by **February 17, 2021.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 3rd day of February, 2021.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE