# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | | |
|---|---|---|
| **CHUNHONG JIA**, *et al.*, | * | |
| Plaintiffs, | * | Case No. 8:19-cv-02527-VMC-CPT |
| v. | * | |
| **BOARDWALK FRESH BURGERS** | * | |
| **& FRIES, INC.**, *et al.*, | * | |
| Defendants. | * | |
| | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

| | | |
|---|---|---|
| **BOARDWALK FRESH BURGERS** | * | |
| **& FRIES, INC.** | * | |
| and | * | |
| **DAVID DIFERDINANDO** | * | **SECOND AMENDED** |
| | | **THIRD-PARTY COMPLAINT** |
| Third-Party Plaintiffs, | * | |
| v. | * | |
| **MIN WANG A/K/A LILI WANG,** | * | |
| **et al.,** | * | |
| <u>Serve on</u>: | * | |
| Robert C. Harris, Esq. | * | |
| Hunter Taubman Fischer & Li, LLC | * | |
| and | * | |
| | * | |

**YANNAN WANG**

                                 *

   <u>Serve on</u>:
   Robert C. Harris, Esq.       *
   Hunter Taubman Fischer & Li, LLC
                                 *

and                            *

**NEW CITY ADVISORS, LLC**

                                 *

   <u>Serve on</u>:
   Robert C. Harris, Esq.       *
   Hunter Taubman Fischer & Li, LLC
                               *

and                            *

**NEW CITY CAPITAL, LLC**

                                 *

   <u>Serve on</u>:
   Robert C. Harris, Esq.       *
   Hunter Taubman Fischer & Li, LLC
                               *

and                            *

**GARY CHAN**,
360 W. 34th Street, Apt. 9N     *
New York, NY 10001
                                 *

and                            *

**ARCHWAY PARTNERS, LLC**,
9662 Kenwood Road         *
Cincinnati, OH 45242
                                 *

   <u>Serve on</u>:
   Christi Andrea, Resident Agent   *
   9662 Kenwood Road
      Cincinnati, OH 45242     *

and                            *

2

**JARDIN HILL, LLC**,                    *
11285 Grooms Road
Cincinnati, OH 45242                     *

    <u>Serve on</u>:              *
    CT Corporation System
    306 W. Main Street, Suite 512   *
    Frankfort, KY 40601
                                     *
and                                      *

**CLEARWATER HOSPITALITY**               *
**GROUP, LLC**,
9662 Kenwood Road                        *
Cincinnati, OH 45242                     *

    <u>Serve on</u>:              *
    Lindhorst & Dreidame Co., L.P.A.
    312 Walnut Street, Suite 3100   *
    Cincinnati, OH 45202
                                     *
    Third-Party Defendants.          *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## <u>SECOND AMENDED THIRD-PARTY COMPLAINT</u>

Defendants/Third-Party Plaintiffs Boardwalk Fresh Burgers & Fries, Inc. ("BFBF") and David DiFerdinando ("DiFerdinando") (jointly, "Third-Party Plaintiffs"), by and through their undersigned attorneys, hereby sue Third-Party Defendants Min Wang a/k/a Lili Wang, Yannan Wang, New City Advisors, LLC ("NCA"), New City Capital, LLC ("NCC"), Gary Chan, Archway Partners, LLC

("Archway"), Jardin Hill, LLC ("Jardin Hill"), Clearwater Hospitality Group, LLC ("Clearwater"), and state as follows:

1.    Third-Party Plaintiffs incorporate herein by reference their Answer to the Third Amended Complaint ("TAC").

## PARTIES

2.    Third-Party Plaintiff Boardwalk Fresh Burgers & Fries, Inc. is a Delaware corporation with principal place of business located in Linthicum, Maryland.

3.    Third-Party Plaintiff David DiFerdinando is a natural person and citizen of the State of Florida.

4.    Third-Party Defendant Min Wang a/k/a Lili Wang is a natural person and citizen of the State of California.  Upon information and belief, Ms. Wang currently resides and works in the State of Florida.  Ms. Wang is registered with FINRA as a broker (CRD#: 4691146).  From April 2014 through May 2015, Ms. Wang was employed as a broker and Managing Director of Bonwick Capital Partners, LLC (CRD#: 156469/SEC#: 8-68796), a brokerage firm whose FINRA license since has been cancelled.

5.    Third-Party Defendant Yannan Wang is a natural person and citizen of the State of California.  Upon information and belief, Mr. Wang currently

resides in the State of Florida.  Mr. Wang is registered with FINRA as a broker (CRD#: 6362125).

6.      Third-Party Defendant New City Advisors, LLC is a limited liability company organized under the laws of the State of Delaware. Upon information and belief, Third-Party Defendants Min Wang and Yannan Wang are members, owners, and/or employees of New City Advisors, LLC.

7.      Third-Party Defendant New City Capital, LLC is a limited liability company organized under the laws of the State of California. Third-Party Defendant New City Capital, LLC is registered with both FINRA (CRD#: 172913) and the United States Securities and Exchange Commission (SEC#: 8-69525). Upon information and belief, Third-Party Defendants Min Wang and Yannan Wang are members, owners, and/or employees of New City Capital, LLC.

8.      Upon information and belief, New City Advisors, LLC and New City Capital, LLC are indistinguishable business entities and alter egos of each other with no separate mind, will, or existence of their own.  Among other things, these entities operate out of the identical office space in Campbell, California; share and publicize a nearly identical website and intellectual property assets, including logos; share an identical ownership and management structure; employ the same individuals; perform identical and/or intimately related business activities; and,

upon information and belief, share finances and accounts in such a way that the two entities are indistinguishable.

9.      Third-Party Defendant Gary Chan is a natural person who currently resides in the State of New York.  At all times relevant hereto, Mr. Chan was a resident of the State of Ohio and, more recently, the State of Florida.

10.      This action is stayed as to Mr. Chan pursuant to this Court's November 16, 2020 Order [DE 126] which recognizes that Mr. Chan filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Middle District of Florida.

11.      Third-Party Defendant Archway Partners, LLC is a limited liability company organized under the laws of the State of Ohio.  Upon information and belief, Third-Party Defendant Gary Chan is a member, owner, and/or employee of Archway Partners, LLC.

12.      Third-Party Defendant Jardin Hill, LLC is a limited liability company organized under the laws of the State of Kentucky.  Upon information and belief, Third-Party Defendant Gary Chan is a member, owner, and/or employee of Archway Partners, LLC.

13.      Third-Party Defendant Clearwater Hospitality Group, LLC is a limited liability company organized under the laws of the State of Ohio.  Upon

information and belief, Third-Party Defendant Gary Chan is a member, owner, and/or employee of Clearwater Hospitality Group, LLC.

14.    Upon information and belief, Archway Partners, LLC, Jardin Hill, LLC, and Clearwater Hospitality Group, LLC are indistinguishable business entities and alter egos of each other with no separate mind, will, or existence of their own.   Among other things, these entities share an identical ownership and management structure; employ the same individuals; perform identical and/or intimately related business activities; and, upon information and belief, share finances and accounts in such a way that the two entities are indistinguishable.

## JURISDICTION AND VENUE

15.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

16.    As set forth in BFBF's Motions to Dismiss Plaintiff's Complaint and Amended Complaints, BFBF objects to this Court's exercise of personal jurisdiction over it.   However, on July 2, 2020, this Court determined that it may exercise personal jurisdiction over BFBF based on the allegations in Plaintiffs' Amended Complaint.   To the extent that this Court may exercise personal jurisdiction over Defendants/Third-Party Plaintiffs, so, too may this Court exercise personal jurisdiction over Third-Party Defendants because the acts and/or omissions alleged in Plaintiffs' Third Amended Complaint and in this Second

Amended Third-Party Complaint arise out of Third-Party Defendants' business activities in the State of Florida and the tortious injury caused by Third-Party Defendants in the State of Florida. *See* TAC ¶¶ 84, 87, 92, 95, 96, 102, 103, 104, 105, 106, 146, 206 (describing Plaintiffs' agents'—New City Advisors and New City Capital—integral involvement in the transactions and communications giving rise to Plaintiffs' claims); *see id.* ¶¶ 10, 16, 23-24, and *passim* (describing the integral involvement of Gary Chan and businesses controlled by him—including Archway, Jardin Hill, and Clearwater—in the transactions and communications giving rise to Plaintiffs' claims).

17. As alleged in Plaintiffs' Third Amended Complaint, Third-Party Defendants' conduct affected and related to investments in restaurant franchise activities in the State of Florida from mid-2016 through early 2018. TAC ¶¶ 10-13.

18. In addition, upon information and belief, Third-Party Defendants Min Wang and Yannan Wang currently reside and work in the State of Florida and are subject to this Court's general personal jurisdiction.

19. In addition, upon information and belief, at times relevant hereto, Gary Chan resided and worked in the State of Florida.

20.     Venue is proper in this District because a substantial portion of the acts and/or omissions alleged in Plaintiffs' Third Amended Complaint and in this Third-Party Complaint occurred in this District.

## FACTUAL BACKGROUND

### *The New City Defendants and their Relationship with the Chan Defendants*

21.     According to its website, New City Advisors, LLC, "focuses on providing comprehensive capital solutions to companies and projects seeking EB-5 financing."   The company's services include: Advisory and Consulting; Deal Structuring; Project Due Diligence; Marketing Strategies; Monitoring; Bridge Financing.  *See* https://www.newcityadvisors.com/.

22.     New City Advisors' website further states that the company "conducts expert, objective, and comprehensive due diligence for all our projects to ensure that we bring the best-in-class projects to the EB-5 market.  Our experience and track record has instilled unprecedented confidence in our syndication partners and our investors."  *See* https://www.newcityadvisors.com/services.

23.     According its website, New City Capital "provides tailored financial solutions for projects seeking capital. Our expertise is backed by decades of experience at top Wall Street investment banks and global financial institutions. We are dedicated to providing professional and effective service to

enable the success of our project partners and our investors." *See* https://www.newcitycap.com/.

24.     New City Capital's website recognizes that "non-compliant, or fraudulent behavior by bad actors has cast a shadow over the EB-5 industry," and describes as its "mission to create compliant offerings with clear paths to success. We empower our developer partners and their EB-5 investors to feel confident in their decisions. We believe in transparency and efficacy, and we cut through the obfuscation." *See* https://www.newcitycap.com/services.

25.     Beginning in 2013 or earlier, New City Advisors, through its agents Lili Wang and Yannan Wang, and New City Capital, was soliciting investors in China to participate in the EB-5 visa program in the United States.

26.     During this same time, New City Capital, through its agents Lili Wang and Yannan Wang, also was soliciting investors in China to participate in the EB-5 visa program in the United States.

27.     Upon information and belief, prior to March 26, 2014, New City Advisors entered into an agreement with Midwest EB-5 Regional Center, Jardin Hill, LLC, and their respective principals to jointly promote and coordinate EB-5 investment schemes involving restaurant franchises.

28.     One of the first investment projects undertaken pursuant to that agreement involved the "Rodizio Grill" restaurant franchise. *See Jardin Hill, LLC*

*et al v. New City Advisors, LLC, et al.*, Case No. 1:18-cv-00187-MRB (U.S.D.C. S.D. Ohio) (filed March 15, 2018).

29.    In connection with that project, New City Advisors, through its agents Lili Wang and Yannan Wang, worked closely with Jardin Hill, Archway Partners, Gary Chan, non-parties Terry Hong-Yin Chan and Jacqueline Anguilli Chan,[1] and other entities controlled by the Chans in developing in promoting that investment project.

30.    The relationship between, on the one hand, Lili Wang, New City Advisors, and New City Capital and, on the other, Jardin Hill, Archway Partners, and Gary Chan thus preceded any communications between and/or among BFBF, DiFerdinando, and Plaintiffs.

**The Chans Conceive Their Scheme to Defraud Plaintiffs, BFBF, and DiFerdinando**

31.    Beginning in 2013, Jardin Hill, Archway Partners, Gary Chan, and non-parties Terry Hong-Yin Chan and Jacqueline Anguilli Chan identified BFBF, a franchisor of fast-casual restaurants, as a potential target for their scheme to defraud foreign EB-5 investors.

---

[1] Non-parties Terry Chan and Jacqueline Chan filed Chapter 7 bankruptcy petitions in the United States Bankruptcy Court for the Middle District of Florida in 2018.  *See In re Terry Hong-Yin Chan and Jacqueline Anguilli Chan*, Case No. 6:18-ap-00098-KSJ (U.S. Bankr. Ct., M.D.Fl.).   Third-Party Defendant Gary Chan filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Middle District of Florida, Case No. 20-04270.  *See* DE 121, 123.

11

32.     Jardin Hill, Archway Partners, Gary Chan, and non-parties Terry Hong-Yin Chan and Jacqueline Anguilli Chan approached BFBF and DiFerdinando and presented them with an opportunity to expand their franchise operations.

33.     Specifically, Jardin Hill, Archway Partners, Gary Chan, and non-parties Terry Hong-Yin Chan and Jacqueline Anguilli Chan intended to market the opening of ten (10) BFBF franchises to foreign EB-5 investors in China.  The franchises would be located in southern Ohio.

34.     Prior to being contacted by Jardin Hill, Archway Partners, Gary Chan, and non-parties Terry Hong-Yin Chan and Jacqueline Anguilli Chan, neither BFBF nor DiFerdinando had any familiarity, knowledge, or experience working with EB-5 investors.

35.     Still, given the limited role that BFBF would play as franchisor, and based on Jardin Hill, Archway Partners, Gary Chan, and non-parties Terry Hong-Yin Chan and Jacqueline Anguilli Chan's representations regarding their own extensive experience with the EB-5 program, BFBF agreed to enter into a Development Agent Agreement with Jardin Hill in February 2014.

36.     The Development Agent Agreement granted Jardin Hill the exclusive right to market BFBF franchises in southern Ohio.  In exchange for this right, Jardin Hill was required to pay a $300,000.00 fee to BFBF.

37.    In connection with the Development Agent Agreement, BFBF provided Jardin Hill with information about BFBF's history, operations, and business activities.

38.    Having obtained BFBF's proprietary business information through Jardin Hill, Gary Chan developed a "Business Plan" and other materials which Terry Chan, Jacqueline Chan, and other entities created and controlled by the Chans, including Boardwalk Fries Opportunities, L.P., Boardwalk Fries, LLC, and BWF MGMT, LLC, later used to attract Plaintiffs' investments.

39.    Neither BFBF nor DiFerdinando was involved in the creation of the "Business Plan".

40.    Neither BFBF nor DiFerdinando was involved in the activities of Boardwalk Fries Opportunities, L.P., Boardwalk Fries, LLC, or BWF MGMT, LLC besides its duties as a franchisor.

41.    Neither BFBF nor DiFerdinando had any knowledge or reason to suspect that Jardin Hill, Archway Partners, Gary Chan, and non-parties Terry Hong-Yin Chan and Jacqueline Anguilli Chan intended to exploit the BFBF brand and BFBF's proprietary business information as part of the Chan Defendants' scheme to defraud Plaintiffs of their investments.

*New City Advisors and New City Capital Again Decide to Work with Jardin Hill and the Chan Defendants*

42.    In order to advance their scheme, Jardin Hill, Archway Partners, Gary Chan, and non-parties Terry Hong-Yin Chan and Jacqueline Anguilli Chan needed to identify and lure in foreign investors.

43.    To do so, Jardin Hill, Archway Partners, Gary Chan, and non-parties Terry Hong-Yin Chan and Jacqueline Anguilli Chan turned to New City Advisors, just as they had done with the Rodizio Grill restaurant project.

44.    Notwithstanding the problems that arose during the course of the Rodizio Grill project, *see Jardin Hill, LLC et al v. New City Advisors, LLC, et al.*, Case No. 1:18-cv-00187-MRB (U.S.D.C. S.D. Ohio) (filed March 15, 2018), New City Advisors again decided to work with Jardin Hill and another entity controlled by the Chans, Archway Partners.

45.    Specifically, on March 26, 2014, New City Advisors entered into a binding "Letter of Intent for EB-5 Services" with Bonwick Capital Management, LLC, Jardin Hill, LLC, and Archway Partners, LLC (the NCA-JH-Archway-Bonwick Agreement).

46.    Lili Wang, executed the NCA-JH-Archway-Bonwick Agreement on behalf of New City Advisors.

47.    Terry Chan executed the NCA-JH-Archway-Bonwick Agreement on behalf of Jardin Hill.

48.     Terry Chan also signed the NCA-JH-Archway-Bonwick Agreement on behalf of Archway Partners, LLC.

49.     Devin Wicker executed the NCA-JH-Archway-Bonwick Agreement on behalf of Bonwick Capital Partners, LLC.

50.     The purpose of the NCA-JH-Archway-Bonwick Agreement was the development of "Boardwalk Fries" restaurant franchises in southern Ohio.

51.     Neither BFBF nor DiFerdinando was party to the NCA-JH-Archway-Bonwick Agreement.

52.     In fact, the NCA-JH-Archway-Bonwick Agreement identifies Jardin Hill and Archway Partners as the sponsors of Boardwalk Fries Opportunities, LP, which, in turn, was to develop the restaurant franchises.

53.     New City Advisors received valuable consideration from Jardin Hill pursuant to the NCA-JH-Archway-Bonwick Agreement.

***New City Advisors and New City Capital Court and Engage with Plaintiffs***

54.     To carry out their duties under the NCA-JH-Archway-Bonwick Agreement, New City Advisors and New City Capital first contacted Plaintiffs in 2013.

55.     Lili Wang and Yannan Wang communicated with Plaintiffs extensively starting in 2013.

56.     At that time, neither Lili Wang nor Yannan Wang was registered with FINRA or the SEC to solicit the sale or purchase of securities.

57.     Soliciting or promoting the sale or purchase of securities without the required license is a violation of SEC federal and state securities regulations.

58.     During the course of her communications with Plaintiffs, Lili Wang held herself out to Plaintiffs as a sophisticated investment advisor and strategist.

59.     Lili Wang held herself out to Plaintiffs as familiar and experienced with the EB-5 program and investments made thereunder.

60.     Lili Wang held her companies, New City Advisors and New City Capital, out to Plaintiffs as sophisticated investment advisory firms experienced with the EB-5 program and investments made thereunder.

61.     Lili Wang made these representations on her own behalf and on behalf of her companies, New City Advisors and New City Capital, both orally and in writing to Plaintiffs.

62.     New City Advisors and New City Capital made similar representations on their respective websites.

63.     In communications with Plaintiffs, Yannan Wang held himself out to Plaintiffs as a sophisticated investment advisor and strategist.

64.     Yannan Wang held himself out to Plaintiffs as familiar and experienced with the EB-5 program and investments made thereunder.

65.     Yannan Wang held his companies, New City Advisors and New City Capital, out to Plaintiffs as sophisticated investment advisory firms experienced with the EB-5 program and investments made thereunder.

66.     Yannan Wang made these representations on his behalf and on behalf of his companies, New City Advisors and New City Capital, both orally and in writing to Plaintiffs.

67.     Plaintiffs entrusted and relied upon the representations made by Lili Wang, as well as the advice she furnished to each of them and the financial instruments she promoted to each Plaintiff.

68.     Plaintiffs entrusted and relied upon the representations made by Yannan Wang, as well as the advice he furnished to each of them and the financial instruments he promoted to each Plaintiff.

69.     Plaintiffs entrusted and relied upon the representations made by New City Advisors, as well as the advice furnished and financial instruments promoted to Plaintiffs by New City Advisors.

70.     Plaintiffs entrusted and relied upon the representations made by New City Capital, as well as the advice furnished and financial instruments promoted to Plaintiffs by New City Capital.

71.     Lili Wang and Yannan Wang were the only parties to this litigation that ever communicated with Plaintiffs, whether orally or in writing.

17

72.     Plaintiffs believed Lili Wang and Yannan Wang to be their agents and fiduciaries.  That is, Plaintiffs believed that Lili Wang and Yannan Wang were acting with Plaintiffs' interests above their own, that Lili Wang and Yannan Wang were acting with undivided loyalty to Plaintiffs, and that Lili Wang and Yannan Wang did not and would not engage in any activity that conflicted with Plaintiffs' best interests.

73.     Lili Wang never took any action to dispel Plaintiffs' (mistaken) belief that she was acting as Plaintiffs' fiduciary.

74.     At no time did Lili Wang disclose to Plaintiffs the existence of the NCA-JH-Archway-Bonwick Agreement.

75.     At no time did Lili Wang disclose to Plaintiffs the fact that New City Advisors was also being paid by the Chans' Jardin Hill.

76.     Yannan Wang never took any action to dispel Plaintiffs' (mistaken) belief that he was acting as Plaintiffs' fiduciary.

77.     At no time did Yannan Wang disclose to Plaintiffs the existence of the NCA-JH-Archway-Bonwick Agreement.

78.     At no time did Yannan Wang disclose to Plaintiffs the fact that New City Advisors was also being paid by the Chans' Jardin Hill.

79.     At no time did New City Advisors disclose to Plaintiffs the existence of the NCA-JH-Archway-Bonwick Agreement.

18

80.     At no time did New City Advisors disclose to Plaintiffs the fact that New City Advisors was also being paid by the Chans' Jardin Hill.

81.     What is more, because Plaintiffs did not understand the English language, Lili Wang and Yannan Wang also acted as translators for Plaintiffs.

82.     Plaintiffs relied entirely on the oral and written translations developed by Lili Wang, Yannan Wang, New City Advisors, and New City Capital.

***The New City Defendants' Conflicts of Interest***

83.     At the same time that Lili Wang and Yannan Wang were promoting New City Advisors and New City Capital's investment and brokerage services to Plaintiffs, Lili Wang and Yannan Wang were also working closely with Jardin Hill, Archway Partners, Gary Chan, and non-parties Terry Hong-Yin Chan and Jacqueline Anguilli Chan to develop an investment vehicle in which Plaintiffs, and others, would invest.

84.     After convincing Plaintiffs to invest in Jardin Hill, Archway Partners, and the Chans' investment vehicle, Lili Wang and Yannan Wang, individually and jointly, assisted in the preparation and execution of a December 2013 Private Placement Memorandum and an Amended Private Placement Memorandum (collectively, the "PPM"), dated April 18, 2014, attached as Exhibit H to the Third Amended Complaint, as well as other related documents, and also assisted in the structuring of the investment.

85.    The PPM requires investors, including Plaintiffs, to pay an Administrative Fee to New City Advisors in order to participate in the investment: "Confirmation that the administrative fee, if any, as described in a Program Management Agreement that is among the Investor, New City Advisors, LLC ("NCA") and/or third parties has been paid ("Administrative Fee"). *See* SAC, Ex. H, Doc. 70-8 at 5.

86.    The Administrative Fee is believed to be a minimum of $45,000 for each Plaintiff, according to a Program Management Agreement that New City Advisors entered into with each Plaintiff.  This fee was in addition to amounts Plaintiffs would need to pay for immigration attorneys and other expenses.

87.    The Administrative Fee was not the only revenue source (direct or indirect) accruing to New City Advisors.  In fact, the PPM further provides for the payment of a "Performance Management Fee" to Bonwick Capital Partners, LLC ("Bonwick").  *Id.* at 5, 8, 10.

88.    At the time that the PPM was prepared, in April 2014, Lili Wang was employed as a Managing Director of Bonwick.

89.    The PPM's selection of Bonwick is no mere coincidence, but reflects the fact Lili Wang and her companies, New City Advisors and New City Capital, were instrumental in the structuring of the investment and the preparation of the accompanying documents.

90.     Plaintiffs have alleged that the PPM was one of the documents on which they relied in deciding to contribute money to Jardin Hill, Archway Partners, and the Chans' scheme.  TAC ¶¶ 96-97.

91.     Notably, Plaintiffs have alleged that they received Chinese-language translations of the PPM.  TAC ¶ 101.

92.     Upon information and belief, all Chinese-language documents provided to Plaintiffs were prepared by New City Advisors.

93.     In addition to the PPM, New City Advisors and New City Capital were also instrumental in assisting with the preparation and execution of the Subscription Agreements attached as Exhibits I, J, K, L, M, N, and O to the Third Amended Complaint.  Upon information and belief, both Lili Wang and Yannan Wang, individually and jointly, assisted with preparation of these agreements.

94.     But for the representations, both written and oral, advice and promotion by Lili Wang and Yannan Wang, individually and jointly, to invest in Jardin Hill, Archway Partners, and the Chans' program, and their respective representations concerning their experience with the EB-5 visa process, Plaintiffs would not have invested any funds with Jardin Hill, Archway Partners, and the Chans.

95.     The representations of and promotion by New City Advisors and New City Capital, whose websites tout their significant EB-5 experience also contributed to Plaintiffs' decision to proceed with the investment.

96.     New City Advisors received compensation from Jardin Hill in exchange for marketing and promoting the securities sold by Jardin Hill, Archway Partners, and the Chans.  This relationship with Jardin Hill, Archway Partners, and the Chans was never disclosed to Plaintiffs in violation of FINRA rules and SEC regulations.

97.     Because Lili Wang and Yannan Wang, individually and on behalf of their companies, New City Advisors and New City Capital, stood to reap substantial benefits from Plaintiffs' investments with Jardin Hill, Archway Partners, and the Chans, Lili Wang and Yannan Wang, individually and on behalf of their companies, New City Advisors and New City Capital, failed to conduct even basic due diligence into Jardin Hill, Archway Partners, and the Chans or their other business dealings and turned a blind eye to the "red flags" that would and should have alerted them and Plaintiffs to Jardin Hill, Archway Partners, and the Chans' nefarious ends.  TAC ¶ 120.

***The New City Defendants Are Responsible for Plaintiffs' Alleged Injuries.***

98.     After Lili Wang and Yannan Wang looked past the "red flags" which should have alerted them to Jardin Hill, Archway Partners, and the Chans'

misconduct, Lili Wang and Yannan Wang failed to exercise due care in regards to Plaintiffs' investments, and failed to act independently of Jardin Hill, Archway Partners, and the Chans.

99.    Between 2014 and 2018, neither Lili Wang nor Yannan Wang made any effort to contact BFBF to learn anything about their business, nor did either of them visit any of the proposed locations.

100.   Lili Wang and Yannan Wang also failed to independently supervise and monitor Jardin Hill, Archway Partners, Clearwater Hospitality Partners, and the Chans.

101.   As a result of Lili Wang and Yannan Wang's failure to supervise and monitor the Jardin Hill, Archway Partners, Clearwater Hospitality Partners, and the Chans' operations, Jardin Hill, Archway Partners, Clearwater Hospitality Partners, and the Chans were able to abscond with Plaintiffs' investment funds.

102.   Lili Wang and Yannan Wang's failure to exercise due care also permitted Jardin Hill, Archway Partners, Clearwater Hospitality Partners, and the Chans to change the location of the proposed BFBF franchises from southern Ohio to Florida.

103.   Lili Wang knew or should have known that a location change constitutes a "material change" under federal regulations governing the EB-5 program.

104.   Yannan Wang knew or should have known that a location change constitutes a "material change" under federal regulations governing the EB-5 program

105.   This material change itself was sufficient to cause the denial of Plaintiffs' I-829, Petition by Investor to Remove Conditions on Permanent Resident Status—one of the very injuries Plaintiffs complain of in the Third Amended Complaint.

106.   Lili Wang and Yannan Wang, individually and jointly, despite holding themselves and their companies, New City Advisors and New City Capital, out as experts in the EB-5 program, failed to take action or notify Plaintiffs of this development.

***Third-Party Defendants Are Responsible for Plaintiffs' Injuries.***

107.   Plaintiffs allege in the Third Amended Complaint that they suffered damages as a result of the acts and/or omissions of Defendants/Third-Party Plaintiffs.

108.   Defendants/Third-Party Plaintiffs deny all liability to Plaintiffs.

109.   However, as set forth above and as will be established through discovery and at trial, if it is determined that Defendants/Third-Party Plaintiffs were liable, any such liability arose out of the acts and/or omissions of Lili Wang, Yannan Wang, New City Advisors, New City Capital, individually and jointly, and

the acts and/or omissions of Jardin Hill, Archway Partners, Clearwater Hospitality Partners, and the Chans.

110.   As Plaintiffs have alleged in their Third Amended Complaint in this action and as they have alleged in their action in the United States District Court for the Southern District of Ohio against Gary Chan, Terry Chan, Jacqueline Chan, and several Chan-controlled entities, the Chan Defendants, Terry Chan, and Jacqueline Chan misappropriated Plaintiffs' investment proceeds and jeopardized Plaintiffs' ability to obtain green cards and "**MISAPPROPRIATED PLAINTIFFS' FUNDS**" *See Jia, et al. v. Gary Chan, et al.,* Case No. 1:18-cv-00085-MRB (U.S.D.C. S.D. Ohio) (filed Feb. 2, 2018) (ECF No. 1 at p. 15) (emphasis and underline in original); TAC ¶ 142.

111.   Upon information and belief, Lili Wang and Yannan Wang, individually and jointly, are actively encouraging and directing Plaintiffs to pursue damages from Defendants/Third-Party Plaintiffs in order to distract from and obscure Lili Wang, Yannan Wang, and their companies' (New City Advisors and New City Capital) own self-dealing and conflicts of interest, sales practice violations, and their participation in and contribution to Jardin Hill, Archway Partners, Clearwater Hospitality Partners, and the Chans' unlawful activities.

112.   Pertinent to the instant lawsuit, Counsel for Plaintiffs in this action (Mr. Cathey) has represented New City Advisors, LLC, Lili Wang, and Yannan

Wang in other, related litigation.  *See Jardin Hill, LLC et al v. New City Advisors, LLC, et al.*, Case No. 1:18-cv-00187-MRB (U.S.D.C. S.D. Ohio) (filed March 15, 2018).

***The Chan Defendants Damage BFBF's Franchise and Business Activities.***

113.   In addition to the harm that Jardin Hill, Archway Partners, Clearwater Hospitality Partners, and the Chans caused to Plaintiffs, they also inflicted substantial damage on BFBF's franchising and other business activities.

114.   Prior to entering into the Development Agent Agreement with Jardin Hill, BFBF conducted a brisk franchise business, contracting with parties who opened BFBF franchises in more than five U.S. states and in several locations worldwide.

115.   Prior to entering into the Development Agent Agreement with Jardin Hill, BFBF routinely was approached by entrepreneurs looking to open BFBF franchises and/or to enter into development agent agreements to market BFBF franchises in new domestic and international territories.

116.   However, as a direct and proximate result of the Chans' unlawful exploitation of BFBF's proprietary business information as part of their scheme to defraud Plaintiffs, interest in opening BFBF franchises and/or entering into development agent agreements has dropped sharply.

117.   Specifically, when BFBF engages in negotiations with prospective franchisees and development agents, it is required to disclose the existence of this lawsuit and its dealings with the Chans.

118.   When presented with such information, prospective franchisees and development agents have backed away from BFBF and decided not to enter into agreements with BFBF.

119.   Moreover, the adverse publicity that the Chans' activities have cast on BFBF has devalued the BFBF brand in the eyes of prospective franchisees and development agents and has made BFBF a less appealing potential business partner than it had been before the Chans defrauded Plaintiffs.

120.   The loss in franchise and development agent activity has resulted in substantial monetary damages to BFBF.

## COUNT I
## CONTRIBUTION
### (Against New City Advisors, LLC)

121.   BFBF and DiFerdinando incorporate by reference each of the allegations contained in paragraphs 21-30, 42-53, 54-80, 81-94, 95-102 as if set forth fully herein.

122.   Plaintiffs allege that their injuries were caused by the actions and/or omissions of Defendants/Third-Party Plaintiffs.

123.   Defendants/Third-Party Plaintiffs are without fault and deny any and all liability to Plaintiffs.

124.   While Defendants/Third-Party Plaintiffs deny any liability, if it is determined that Defendants/Third-Party Plaintiffs were liable, any such liability arose out of the acts and/or omissions of New City Advisors, LLC.

125.   Specifically, New City Advisors, LLC is the proximate cause of Plaintiffs' alleged damages because its agents/owners/principals Lili Wang and Yannan Wang, individually and jointly, misrepresented their qualifications and experience to Plaintiffs; failed to disclose their conflicts of interest with Jardin Hill, Archway Partners, Clearwater Hospitality Partners, and the Chans; failed to perform appropriate due diligence on Jardin Hill, Archway Partners, Clearwater Hospitality Partners, and the Chans; failed to properly supervise Jardin Hill, Archway Partners, Clearwater Hospitality Partners, and the Chans' activities; failed to supervise and monitor Plaintiffs' investment funds; and breached their fiduciary duties to Plaintiffs.

126.   New City Advisors, LLC as principal is liable for the acts of its agents Lili Wang and Yannan Wang.

WHEREFORE, if it is determined that Defendants/Third-Party Plaintiffs Boardwalk Fresh Burgers & Fries, Inc. and David DiFerdinando are liable to Plaintiffs in any way, Defendants/Third-Party Plaintiffs demand judgment in their

favor and against and Third-Party Defendant New City Advisors, LLC, together with all expenses paid or incurred by Defendants/Third-Party Plaintiffs in connection with the defense of this action, and such other and further relief as justice may require.

## COUNT II
## CONTRIBUTION
### (Against New City Capital, LLC)

127.   BFBF and DiFerdinando incorporate by reference each of the allegations contained in paragraphs 21-30, 42-53, 54-80, 81-94, 95-102 as if set forth fully herein.

128.   Plaintiffs allege that their injuries were caused by the actions and/or omissions of Defendants/Third-Party Plaintiffs.

129.   Defendants/Third-Party Plaintiffs are without fault and deny any and all liability to Plaintiffs.

130.   While Defendants/Third-Party Plaintiffs deny any liability, if it is determined that Defendants/Third-Party Plaintiffs were liable, any such liability arose out of the acts and/or omissions of New City Capital, LLC.

131.   Specifically, New City Capital, LLC is the proximate cause of Plaintiffs' alleged damages because its agents/owners/principals Lili Wang and Yannan Wang, individually and jointly, misrepresented their qualifications and experience to Plaintiffs; failed to disclose their conflicts of interest with Jardin Hill,

Archway Partners, Clearwater Hospitality Partners, and the Chans; failed to perform appropriate due diligence on the Chan Defendants; failed to properly supervise Jardin Hill, Archway Partners, Clearwater Hospitality Partners, and the Chans' activities; failed to supervise and monitor Plaintiffs' investment funds; and breached their fiduciary duties to Plaintiffs.

132.   New City Capital, LLC as principal is liable for the acts of its agents Lili Wang and Yannan Wang.

WHEREFORE, if it is determined that Defendants/Third-Party Plaintiffs Boardwalk Fresh Burgers & Fries, Inc. and David DiFerdinando are liable to Plaintiffs in any way, Defendants/Third-Party Plaintiffs demand judgment in their favor and against and Third-Party Defendant New City Capital, LLC, together with all expenses paid or incurred by Defendants/Third-Party Plaintiffs in connection with the defense of this action, and such other and further relief as justice may require.

## COUNT III
### CONTRIBUTION
### (Against Min Wang a/k/a Lili Wang)

133. BFBF and DiFerdinando incorporate by reference each of the allegations contained in paragraphs 21-30, 42-53, 54-80, 81-94, 95-102 as if set forth fully herein.

134.   Plaintiffs allege that their injuries were caused by the actions and/or omissions of Defendants/Third-Party Plaintiffs.

135.   Defendants/Third-Party Plaintiffs are without fault and deny any and all liability to Plaintiffs.

136.   While Defendants/Third-Party Plaintiffs deny any liability, if it is determined that Defendants/Third-Party Plaintiffs were liable, any such liability arose out of the acts and/or omissions of Lili Wang.

137.   Specifically, Lili Wang is the proximate cause of Plaintiffs' alleged damages because she misrepresented her qualifications and experience to Plaintiffs; failed to disclose her conflicts of interest with Jardin Hill, Archway Partners, Clearwater Hospitality Partners, and the Chans; failed to perform appropriate due diligence on Jardin Hill, Archway Partners, Clearwater Hospitality Partners, and the Chans; failed to properly supervise the Jardin Hill, Archway Partners, Clearwater Hospitality Partners, and the Chans' activities; failed to supervise and monitor Plaintiffs' investment funds; and breached her fiduciary duties to Plaintiffs.

WHEREFORE, if it is determined that Defendants/Third-Party Plaintiffs Boardwalk Fresh Burgers & Fries, Inc. and David DiFerdinando are liable to Plaintiffs in any way, Defendants/Third-Party Plaintiffs demand judgment in their favor and against and Third-Party Defendant Lili Wang, together with all expenses

paid or incurred by Defendants/Third-Party Plaintiffs in connection with the defense of this action, and such other and further relief as justice may require.

**COUNT IV**
**CONTRIBUTION**
**(Against Yannan Wang)**

138.   BFBF and DiFerdinando incorporate by reference each of the allegations contained in paragraphs 21-30, 42-53, 54-80, 81-94, 95-102 as if set forth fully herein.

139.   Plaintiffs allege that their injuries were caused by the actions and/or omissions of Defendants/Third-Party Plaintiffs.

140.   Defendants/Third-Party Plaintiffs are without fault and deny any and all liability to Plaintiffs.

141.   While Defendants/Third-Party Plaintiffs deny any liability, if it is determined that Defendants/Third-Party Plaintiffs were liable, any such liability arose out of the acts and/or omissions of Yannan Wang.

142.   Specifically, Yannan Wang is the proximate cause of Plaintiffs' alleged damages because he misrepresented his qualifications and experience to Plaintiffs; failed to disclose his conflicts of interest with Jardin Hill, Archway Partners, Clearwater Hospitality Partners, and the Chans; failed to perform appropriate due diligence on Jardin Hill, Archway Partners, Clearwater Hospitality Partners, and the Chans; failed to properly supervise the Jardin Hill, Archway

32

Partners, Clearwater Hospitality Partners, and the Chans' activities; failed to supervise and monitor Plaintiffs' investment funds; and breached his fiduciary duties to Plaintiffs.

WHEREFORE, if it is determined that Defendants/Third-Party Plaintiffs Boardwalk Fresh Burgers & Fries, Inc. and David DiFerdinando are liable to Plaintiffs in any way, Defendants/Third-Party Plaintiffs demand judgment in their favor and against and Third-Party Defendant Yannan Wang, together with all expenses paid or incurred by Defendants/Third-Party Plaintiffs in connection with the defense of this action, and such other and further relief as justice may require.

## COUNT V
## INDEMNIFICATION
### (Against New City Advisors, LLC)

143.   BFBF and DiFerdinando incorporate by reference each of the allegations contained in paragraphs 21-30, 42-53, 54-80, 81-94, 95-102 as if set forth fully herein.

144.   Plaintiffs allege that their injuries were caused by the actions and/or omissions of Defendants/Third-Party Plaintiffs.

145.   Defendants/Third-Party Plaintiffs are without fault and deny any and all liability to Plaintiffs.

146.   However, if Plaintiffs are found to have been damaged as alleged in the Complaint, then such damages were the proximate result of the fault,

negligence, or other breach of duty owed by New City Advisors, LLC, without any negligence or fault of Defendants/Third-Party Plaintiffs contributing thereto.

147.   Should Plaintiffs be found to be entitled to damages, New City Advisors, LLC is liable for the entire amount of damages awarded because New City Advisors, LLC's acts and/or omissions were the sole, active, primary, independent and culpable cause of any and all damages of which Plaintiffs complain, and any acts of Defendants/Third-Party Plaintiffs were secondary, passive, and innocent.

148.   Specifically, New City Advisors, LLC is the proximate cause of Plaintiffs' alleged damages because its agents/owners/principals Lili Wang and Yannan Wang, individually and jointly, misrepresented their qualifications and experience to Plaintiffs; failed to disclose their conflicts of interest with Jardin Hill, Archway Partners, Clearwater Hospitality Partners, and the Chans; failed to perform appropriate due diligence on Jardin Hill, Archway Partners, Clearwater Hospitality Partners, and the Chans; failed to properly supervise Jardin Hill, Archway Partners, Clearwater Hospitality Partners, and the Chans' activities; failed to supervise and monitor Plaintiffs' investment funds; and breached their fiduciary duties to Plaintiffs.

149.   New City Advisors, LLC as principal is liable for the acts of its agents Lili Wang and Yannan Wang.

150.   Defendants/Third-Party Plaintiffs assert every right of indemnity against New City Advisors, LLC as may be allowed by statute or common law or both.

WHEREFORE, Defendants/Third-Party Plaintiffs Boardwalk Fresh Burgers & Fries, Inc. and David DiFerdinando demand judgment against New City Advisors, LLC for any and all sums that may be adjudged against Defendants/Third-Party Plaintiffs in favor of Plaintiffs, together with all expenses paid or incurred by Defendants/Third-Party Plaintiffs in connection with the defense of this action, and such other and further relief as justice may require.

## COUNT VI
### INDEMNIFICATION
**(Against New City Capital, LLC)**

151.   BFBF and DiFerdinando incorporate by reference each of the allegations contained in paragraphs 21-30, 42-53, 54-80, 81-94, 95-102 as if set forth fully herein.

152.   Plaintiffs allege that their injuries were caused by the actions and/or omissions of Defendants/Third-Party Plaintiffs.

153.   Defendants/Third-Party Plaintiffs are without fault and deny any and all liability to Plaintiffs.

154.   However, if Plaintiffs are found to have been damaged as alleged in the Complaint, then such damages were the proximate result of the fault,

negligence, or other breach of duty owed by New City Capital, LLC, without any negligence or fault of Defendants/Third-Party Plaintiffs contributing thereto.

155.   Should Plaintiffs be found to be entitled to damages, New City Capital, LLC is liable for the entire amount of damages awarded because New City Capital, LLC's acts and/or omissions were the sole, active, primary, independent and culpable cause of any and all damages of which Plaintiffs complain, and any acts of Defendants/Third-Party Plaintiffs were secondary, passive, and innocent.

156.   Specifically, New City Capital, LLC is the proximate cause of Plaintiffs' alleged damages because its agents/owners/principals Lili Wang and Yannan Wang, individually and jointly misrepresented their qualifications and experience to Plaintiffs; failed to disclose their conflicts of interest with Jardin Hill, Archway Partners, Clearwater Hospitality Partners, and the Chans; failed to perform appropriate due diligence on Jardin Hill, Archway Partners, Clearwater Hospitality Partners, and the Chans; failed to properly supervise Jardin Hill, Archway Partners, Clearwater Hospitality Partners, and the Chans' activities; failed to supervise and monitor Plaintiffs' investment funds; and breached their fiduciary duties to Plaintiffs.

157.   New City Capital, LLC as principal is liable for the acts of its agents Lili Wang and Yannan Wang.

158.   Defendants/Third-Party Plaintiffs assert every right of indemnity against New City Advisors, LLC as may be allowed by statute or common law or both.

WHEREFORE, Defendants/Third-Party Plaintiffs Boardwalk Fresh Burgers & Fries, Inc. and David DiFerdinando demand judgment against New City Capital, LLC for any and all sums that may be adjudged against Defendants/Third-Party Plaintiffs in favor of Plaintiffs, together with all expenses paid or incurred by Defendants/Third-Party Plaintiffs in connection with the defense of this action, and such other and further relief as justice may require.

**COUNT VII**
**INDEMNIFICATION**
**(Against Min Wang a/k/a Lili Wang)**

159.   BFBF and DiFerdinando incorporate by reference each of the allegations contained in paragraphs 21-30, 42-53, 54-80, 81-94, 95-102 as if set forth fully herein.

160.   Plaintiffs allege that their injuries were caused by the actions and/or omissions of Defendants/Third-Party Plaintiffs.

161.   Defendants/Third-Party Plaintiffs are without fault and deny any and all liability to Plaintiffs.

162.   However, if Plaintiffs are found to have been damaged as alleged in the Complaint, then such damages were the proximate result of the fault,

negligence, or other breach of duty owed by Lili Wang, without any negligence or fault of Defendants/Third-Party Plaintiffs contributing thereto.

163.   Should Plaintiffs be found to be entitled to damages, Lili Wang is liable for the entire amount of damages awarded because Min Wang's acts and/or omissions were the sole, active, primary, independent and culpable cause of any and all damages of which Plaintiffs complain, and any acts of Defendants/Third-Party Plaintiffs were secondary, passive, and innocent.

164.   Specifically, Lili Wang is the proximate cause of Plaintiffs' alleged damages because she misrepresented her qualifications and experience to Plaintiffs; failed to disclose her conflicts of interest with Jardin Hill, Archway Partners, Clearwater Hospitality Partners, and the Chans; failed to perform appropriate due diligence on Jardin Hill, Archway Partners, Clearwater Hospitality Partners, and the Chans; failed to properly supervise Jardin Hill, Archway Partners, Clearwater Hospitality Partners, and the Chans' activities; failed to supervise and monitor Plaintiffs' investment funds; and breached her fiduciary duties to Plaintiffs.

165.   Defendants/Third-Party Plaintiffs assert every right of indemnity against Lili Wang as may be allowed by statute or common law or both.

WHEREFORE, Defendants/Third-Party Plaintiffs Boardwalk Fresh Burgers & Fries, Inc. and David DiFerdinando demand judgment against Lili Wang for any

38

and all sums that may be adjudged against Defendants/Third-Party Plaintiffs in favor of Plaintiffs, together with all expenses paid or incurred by Defendants/Third-Party Plaintiffs in connection with the defense of this action, and such other and further relief as justice may require.

## COUNT VIII
## INDEMNIFICATION
### (Against Yannan Wang)

166. BFBF and DiFerdinando incorporate by reference each of the allegations contained in paragraphs 21-30, 42-53, 54-80, 81-94, 95-102 as if set forth fully herein.

167. Plaintiffs allege that their injuries were caused by the actions and/or omissions of Defendants/Third-Party Plaintiffs.

168. Defendants/Third-Party Plaintiffs are without fault and deny any and all liability to Plaintiffs.

169. However, if Plaintiffs are found to have been damaged as alleged in the Complaint, then such damages were the proximate result of the fault, negligence, or other breach of duty owed by Yannan Wang, without any negligence or fault of Defendants/Third-Party Plaintiffs contributing thereto.

170. Should Plaintiffs be found to be entitled to damages, Yannan Wang is liable for the entire amount of damages awarded because Yannan Wang's acts and/or omissions were the sole, active, primary, independent and culpable cause of

any and all damages of which Plaintiffs complain, and any acts of Defendants/Third-Party Plaintiffs were secondary, passive, and innocent.

171. Specifically, Yannan Wang is the proximate cause of Plaintiffs' alleged damages because he misrepresented his qualifications and experience to Plaintiffs; failed to disclose his conflicts of interest with Jardin Hill, Archway Partners, Clearwater Hospitality Partners, and the Chans; failed to perform appropriate due diligence on Jardin Hill, Archway Partners, Clearwater Hospitality Partners, and the Chans; failed to properly supervise Jardin Hill, Archway Partners, Clearwater Hospitality Partners, and the Chans' activities; failed to supervise and monitor Plaintiffs' investment funds; and breached his fiduciary duties to Plaintiffs.

172. Defendants/Third-Party Plaintiffs assert every right of indemnity against Yannan Wang as may be allowed by statute or common law or both.

WHEREFORE, Defendants/Third-Party Plaintiffs Boardwalk Fresh Burgers & Fries, Inc. and David DiFerdinando demand judgment against Yannan Wang for any and all sums that may be adjudged against Defendants/Third-Party Plaintiffs in favor of Plaintiffs, together with all expenses paid or incurred by Defendants/Third-Party Plaintiffs in connection with the defense of this action, and such other and further relief as justice may require.

**COUNT IX**
**CONTRIBUTION**
**(Against Gary Chan)**

173.   BFBF and DiFerdinando incorporate by reference each of the allegations contained in paragraphs 31-41, 42-53, 81-94, 109-116 as if set forth fully herein.

174.   Plaintiffs allege that their injuries were caused by the actions and/or omissions of Defendants/Third-Party Plaintiffs.

175.   Defendants/Third-Party Plaintiffs are without fault and deny any and all liability to Plaintiffs.

176.   However, if Plaintiffs are found to have been damaged as alleged in the Complaint, then such damages were the proximate result of the fault, negligence, or other breach of duty owed by Gary Chan, without any negligence or fault of Defendants/Third-Party Plaintiffs contributing thereto.

177.   Should Plaintiffs be found to be entitled to damages, Gary Chan is liable for the entire amount of damages awarded because Gary Chan's acts and/or omissions were the sole, active, primary, independent and culpable cause of any and all damages of which Plaintiffs complain, and any acts of Defendants/Third-Party Plaintiffs were secondary, passive, and innocent.

178.   Defendants/Third-Party Plaintiffs assert every right of indemnity against Gary Chan as may be allowed by statute or common law or both.

WHEREFORE, Defendants/Third-Party Plaintiffs Boardwalk Fresh Burgers & Fries, Inc. and David DiFerdinando demand judgment against Gary Chan for any and all sums that may be adjudged against Defendants/Third-Party Plaintiffs in favor of Plaintiffs, together with all expenses paid or incurred by Defendants/Third-Party Plaintiffs in connection with the defense of this action, and such other and further relief as justice may require.

## COUNT X
## CONTRIBUTION
### (Against Archway Partners, LLC)

179.   BFBF and DiFerdinando incorporate by reference each of the allegations contained in paragraphs 31-41, 42-53, 81-94, 109-116 as if set forth fully herein.

180.   Plaintiffs allege that their injuries were caused by the actions and/or omissions of Defendants/Third-Party Plaintiffs.

181.   Defendants/Third-Party Plaintiffs are without fault and deny any and all liability to Plaintiffs.

182.   However, if Plaintiffs are found to have been damaged as alleged in the Complaint, then such damages were the proximate result of the fault, negligence, or other breach of duty owed by Archway Partners, LLC, without any negligence or fault of Defendants/Third-Party Plaintiffs contributing thereto.

183.   Should Plaintiffs be found to be entitled to damages, Archway Partners, LLC is liable for the entire amount of damages awarded because Archway Partners, LLC's and its agents' acts and/or omissions were the sole, active, primary, independent and culpable cause of any and all damages of which Plaintiffs complain, and any acts of Defendants/Third-Party Plaintiffs were secondary, passive, and innocent.

184.   Defendants/Third-Party Plaintiffs assert every right of indemnity against Archway Partners, LLC as may be allowed by statute or common law or both.

WHEREFORE, Defendants/Third-Party Plaintiffs Boardwalk Fresh Burgers & Fries, Inc. and David DiFerdinando demand judgment against Archway Partners, LLC for any and all sums that may be adjudged against Defendants/Third-Party Plaintiffs in favor of Plaintiffs, together with all expenses paid or incurred by Defendants/Third-Party Plaintiffs in connection with the defense of this action, and such other and further relief as justice may require.

## COUNT XI
### CONTRIBUTION
### (Against Jardin Hill, LLC)

185.   BFBF and DiFerdinando incorporate by reference each of the allegations contained in paragraphs 31-41, 42-53, 81-94, 109-116 as if set forth fully herein.

186.   Plaintiffs allege that their injuries were caused by the actions and/or omissions of Defendants/Third-Party Plaintiffs.

187.   Defendants/Third-Party Plaintiffs are without fault and deny any and all liability to Plaintiffs.

188.   However, if Plaintiffs are found to have been damaged as alleged in the Complaint, then such damages were the proximate result of the fault, negligence, or other breach of duty owed by Jardin Hill, LLC, without any negligence or fault of Defendants/Third-Party Plaintiffs contributing thereto.

189.   Should Plaintiffs be found to be entitled to damages, Jardin Hill, LLC is liable for the entire amount of damages awarded because Jardin Hill, LLC's and its agents' acts and/or omissions were the sole, active, primary, independent and culpable cause of any and all damages of which Plaintiffs complain, and any acts of Defendants/Third-Party Plaintiffs were secondary, passive, and innocent.

190.   Defendants/Third-Party Plaintiffs assert every right of indemnity against Jardin Hill, LLC as may be allowed by statute or common law or both.

WHEREFORE, Defendants/Third-Party Plaintiffs Boardwalk Fresh Burgers & Fries, Inc. and David DiFerdinando demand judgment against Jardin Hill, LLC for any and all sums that may be adjudged against Defendants/Third-Party Plaintiffs in favor of Plaintiffs, together with all expenses paid or incurred by

Defendants/Third-Party Plaintiffs in connection with the defense of this action, and such other and further relief as justice may require.

## COUNT XII
## CONTRIBUTION
### (Against Clearwater Hospitality Group, LLC)

191.   BFBF and DiFerdinando incorporate by reference each of the allegations contained in paragraphs 31-41, 42-53, 81-94, 109-116 as if set forth fully herein.

192.   Plaintiffs allege that their injuries were caused by the actions and/or omissions of Defendants/Third-Party Plaintiffs.

193.   Defendants/Third-Party Plaintiffs are without fault and deny any and all liability to Plaintiffs.

194.   However, if Plaintiffs are found to have been damaged as alleged in the Complaint, then such damages were the proximate result of the fault, negligence, or other breach of duty owed by Clearwater Hospitality Group, LLC, without any negligence or fault of Defendants/Third-Party Plaintiffs contributing thereto.

195.   Should Plaintiffs be found to be entitled to damages, Clearwater Hospitality Group, LLC is liable for the entire amount of damages awarded because Clearwater Hospitality Group, LLC's and its agents' acts and/or omissions were the sole, active, primary, independent and culpable cause of any and all

damages of which Plaintiffs complain, and any acts of Defendants/Third-Party Plaintiffs were secondary, passive, and innocent.

196. Defendants/Third-Party Plaintiffs assert every right of indemnity against Clearwater Hospitality Group, LLC as may be allowed by statute or common law or both.

WHEREFORE, Defendants/Third-Party Plaintiffs Boardwalk Fresh Burgers & Fries, Inc. and David DiFerdinando demand judgment against Jardin Hill, LLC for any and all sums that may be adjudged against Defendants/Third-Party Plaintiffs in favor of Plaintiffs, together with all expenses paid or incurred by Defendants/Third-Party Plaintiffs in connection with the defense of this action, and such other and further relief as justice may require.

## COUNT XIII
## INDEMNIFICATION
### (Against Gary Chan)

197. BFBF and DiFerdinando incorporate by reference each of the allegations contained in paragraphs 31-41, 42-53, 81-94, 109-116 as if set forth fully herein.

198. Plaintiffs allege that their injuries were caused by the actions and/or omissions of Defendants/Third-Party Plaintiffs.

199. Defendants/Third-Party Plaintiffs are without fault and deny any and all liability to Plaintiffs.

200.   While Defendants/Third-Party Plaintiffs deny any liability, if it is determined that Defendants/Third-Party Plaintiffs were liable, any such liability arose out of the acts and/or omissions of Gary Chan.

WHEREFORE, Defendants/Third-Party Plaintiffs Boardwalk Fresh Burgers & Fries, Inc. and David DiFerdinando demand judgment against Gary Chan for any and all sums that may be adjudged against Defendants/Third-Party Plaintiffs in favor of Plaintiffs, together with all expenses paid or incurred by Defendants/Third-Party Plaintiffs in connection with the defense of this action, and such other and further relief as justice may require.

## COUNT XIV
## INDEMNIFICATION
### (Against Archway Partners, LLC)

201.   BFBF and DiFerdinando incorporate by reference each of the allegations contained in paragraphs 31-41, 42-53, 81-94, 109-116 as if set forth fully herein.

202.   Plaintiffs allege that their injuries were caused by the actions and/or omissions of Defendants/Third-Party Plaintiffs.

203.   Defendants/Third-Party Plaintiffs are without fault and deny any and all liability to Plaintiffs.

204.   While Defendants/Third-Party Plaintiffs deny any liability, if it is determined that Defendants/Third-Party Plaintiffs were liable, any such liability arose out of the acts and/or omissions of Archway Partners, LLC and/or its agents.

205.   Archway Partners, LLC is liable for the acts and/or omissions of its agents, including Gary Chan.

WHEREFORE, Defendants/Third-Party Plaintiffs Boardwalk Fresh Burgers & Fries, Inc. and David DiFerdinando demand judgment against Archway Partners, LLC for any and all sums that may be adjudged against Defendants/Third-Party Plaintiffs in favor of Plaintiffs, together with all expenses paid or incurred by Defendants/Third-Party Plaintiffs in connection with the defense of this action, and such other and further relief as justice may require.

## COUNT XV
## INDEMNIFICATION
### (Against Jardin Hill, LLC)

206.   BFBF and DiFerdinando incorporate by reference each of the allegations contained in paragraphs 31-41, 42-53, 81-94, 109-116 as if set forth fully herein.

207.   Plaintiffs allege that their injuries were caused by the actions and/or omissions of Defendants/Third-Party Plaintiffs.

208.   Defendants/Third-Party Plaintiffs are without fault and deny any and all liability to Plaintiffs.

209.   While Defendants/Third-Party Plaintiffs deny any liability, if it is determined that Defendants/Third-Party Plaintiffs were liable, any such liability arose out of the acts and/or omissions of Jardin Hill, LLC and/or its agents.

210.   Jardin Hill, LLC is liable for the acts and/or omissions of its agents, including Gary Chan.

WHEREFORE, Defendants/Third-Party Plaintiffs Boardwalk Fresh Burgers & Fries, Inc. and David DiFerdinando demand judgment against Jardin Hill, LLC for any and all sums that may be adjudged against Defendants/Third-Party Plaintiffs in favor of Plaintiffs, together with all expenses paid or incurred by Defendants/Third-Party Plaintiffs in connection with the defense of this action, and such other and further relief as justice may require.

## COUNT XVI
### INDEMNIFICATION
### (Against Clearwater Hospitality Group, LLC)

211.   BFBF and DiFerdinando incorporate by reference each of the allegations contained in paragraphs 31-41, 42-53, 81-94, 109-116 as if set forth fully herein.

212.   Plaintiffs allege that their injuries were caused by the actions and/or omissions of Defendants/Third-Party Plaintiffs.

213.   Defendants/Third-Party Plaintiffs are without fault and deny any and all liability to Plaintiffs.

214.  While Defendants/Third-Party Plaintiffs deny any liability, if it is determined that Defendants/Third-Party Plaintiffs were liable, any such liability arose out of the acts and/or omissions of Clearwater Hospitality Group, LLC and/or its agents.

215.  Clearwater Hospitality Group, LLC is liable for the acts and/or omissions of its agents, including Gary Chan.

WHEREFORE, Defendants/Third-Party Plaintiffs Boardwalk Fresh Burgers & Fries, Inc. and David DiFerdinando demand judgment against Clearwater Hospitality Group, LLC for any and all sums that may be adjudged against Defendants/Third-Party Plaintiffs in favor of Plaintiffs, together with all expenses paid or incurred by Defendants/Third-Party Plaintiffs in connection with the defense of this action, and such other and further relief as justice may require.

## COUNT XVII
## FRAUDULENT MISREPRESENTATION
### (Against Jardin Hill, Archway Partners, Clearwater
### Hospitality Group, and Gary Chan, jointly and severally)

216.  BFBF and DiFerdinando incorporate by reference each of the allegations contained in paragraphs 31-41, 42-53, 81-94, 109-116 as if set forth fully herein.

217.  The Chan Defendants represented to BFBF that the Chan Defendants were developing a *bona fide* investment program whereby several foreign investors would open BFBF franchises in southern Ohio.

218.   Based on the Chan Defendants' representations, BFBF entered into the Development Agent Agreement with Jardin Hill, thereby providing Jardin Hill and the Chan Defendants with access to BFBF's proprietary business information.

219.   But for the Chan Defendants' representations, BFBF would not have entered into the Development Agent Agreement with Jardin Hill or conduct business with any of the other companies set up by the Chans in connection with Plaintiffs' EB-5 investments.

220.   Similarly, but for the Chan Defendants' representations, BFBF would never have provided Jardin Hill or the Chan Defendants with access to BFBF's proprietary business information.

221.   At the time the Chan Defendants made their representations to BFBF, the Chan Defendants had no intention of developing a *bona fide* investment program.  The Chan Defendants also knew that no such BFBF franchises would actually be opened.

222.   In fact, the Chan Defendants had no intention of opening or supporting the opening of such franchises.

223.   Instead, their goal and purpose was only to attract foreign investors' money so that the Chan Defendants could misappropriate those funds.

224.   Third-Party Plaintiffs had no knowledge or reason to suspect the Chan Defendants' representations  were false at the time that such representations were made.

225.   Third-Party Plaintiffs have suffered damages as a direct and proximate result of the Chan Defendants' fraudulent misrepresentations to Third-Party Plaintiffs.

226.   These damages include lost franchise revenues, lost business opportunities, and devaluation of the BFBF brand, as well as attorney's fees and costs incurred defending against Plaintiffs' suits premised on the Chan Defendants' own fraudulent scheme.

227.   In addition, Gary Chan, individually and/or on behalf of Archway, Jardin Hill, and/or Clearwater, represented to Third-Party Plaintiffs that he would only use BFBF's proprietary business information for lawful and legitimate purposes.

228.   In fact, Gary Chan, on behalf of Jardin Hill, made express representations in Jardin Hill's Development Agent Agreement with BFBF that Jardin Hill would not use such information, including BFBF's proprietary marks, for any use not authorized by BFBF or to operate any business other than that of development agent.

52

229.   Neither BFBF nor DiFerdinando authorized any of the Chan Defendants to create the "Business Plan".

230.   Neither BFBF nor DiFerdinando authorized any of the Chan Defendants to use BFBF's proprietary marks to further the Chan Defendants' scheme to defraud Plaintiffs.

231.   At the time that the Chan Defendants made these representations to Third-Party Plaintiffs, the Chan Defendants knew that their own representations were false.   Nor did the Chan Defendants have any intention of complying with their contractual and oral representations to Third-Party Plaintiffs.

232.   Third-Party Plaintiffs had no knowledge or reason to suspect the Chan Defendants' representations at the time that such representations were made.

233.   Third-Party Plaintiffs have suffered damages as a direct and proximate result of the Chan Defendants' fraudulent misrepresentations to Third-Party Plaintiffs.

234.   These damages include lost franchise revenues, lost business opportunities, and devaluation of the BFBF brand, as well as attorney's fees and costs incurred defending against Plaintiffs' suits premised on the Chan Defendants' own fraudulent scheme.

WHEREFORE, Defendants/Third-Party Plaintiffs Boardwalk Fresh Burgers & Fries, Inc. and David DiFerdinando demand judgment against Third-Party

Defendants Gary Chan, Archway Partners, LLC, Jardin Hill, LLC, and Clearwater Hospitality Group, LLC in an amount exceeding $75,000 in compensatory damages, punitive damages, attorney's fees and costs incurred in connection with this action, and such other and further relief as justice may require.

## COUNT XVIII
## NEGLIGENT MISREPRESENTATION
### (Against Jardin Hill, Archway Partners, Clearwater Hospitality Group, and Gary Chan, jointly and severally)

235.   BFBF and DiFerdinando incorporate by reference each of the allegations contained in paragraphs 31-41, 42-53, 81-94, 109-116 as if set forth fully herein.

236.   The Chan Defendants represented to BFBF that the Chan Defendants were developing a *bona fide* investment program whereby several foreign investors would open BFBF franchises in southern Ohio.

237.   Based on the Chan Defendants' representations, BFBF entered into the Development Agent Agreement with Jardin Hill, thereby providing Jardin Hill (directly) and the Chan Defendants (indirectly) with access to BFBF's proprietary business information.

238.   But for the Chan Defendants' representations, BFBF would not have entered into the Development Agent Agreement with Jardin Hill or conduct business with any of the other companies set up by the Chans in connection with Plaintiffs' EB-5 investments.

239.   Similarly, but for the Chan Defendants' representations, BFBF would never have provided Jardin Hill or the Chan Defendants with access to BFBF's proprietary business information.

240.   At the time that the Chan Defendants made their representations to BFBF, the Chan Defendants had no intention of developing a *bona fide* investment program.  The Chan Defendants also knew that no such BFBF franchises would actually be opened.

241.  In fact, the Chan Defendants had no intention of opening or supporting the opening of such franchises.

242.   Instead, their goal and purpose was only to attract foreign investors' money so that the Chan Defendants could misappropriate those funds.

243.   Third-Party Plaintiffs had no knowledge or reason to suspect the Chan Defendants' representations at the time that such representations were made.

244.  Third-Party Plaintiffs have suffered damages as a direct and proximate result of the Chan Defendants' negligent misrepresentations to Third-Party Plaintiffs.

245.  These damages include lost franchise revenues, lost business opportunities, and devaluation of the BFBF brand, as well as attorney's fees and costs incurred defending against Plaintiffs' suits premised on the Chan Defendants' own deceptive scheme.

246.   In addition, Gary Chan, individually and/or on behalf of Archway, Jardin Hill, and/or Clearwater, represented to Third-Party Plaintiffs that he would only use BFBF's proprietary business information for lawful and legitimate purposes.

247.   In fact, Gary Chan, on behalf of Jardin Hill, made express representations in Jardin Hill's Development Agent Agreement with BFBF that Jardin Hill would not use such information, including BFBF's proprietary marks, for any use not authorized by BFBF or to operate any business other than that of development agent.

248.   Neither BFBF nor DiFerdinando authorized any of the Chan Defendants to create the "Business Plan".

249.   Neither BFBF nor DiFerdinando authorized any of the Chan Defendants to use BFBF's proprietary marks to further the Chan Defendants' scheme to defraud Plaintiffs.

250.   At the time that the Chan Defendants made these representations to Third-Party Plaintiffs, the Chan Defendants knew that their own representations were false.  Nor did the Chan Defendants have any intention of complying with their contractual and oral representations to Third-Party Plaintiffs.

251.   Third-Party Plaintiffs had no knowledge or reason to suspect the Chan Defendants' representations at the time that such representations were made.

252. Third-Party Plaintiffs have suffered damages as a direct and proximate result of the Chan Defendants' negligent misrepresentations to Third-Party Plaintiffs.

253. These damages include lost franchise revenues, lost business opportunities, and devaluation of the BFBF brand, as well as attorney's fees and costs incurred defending against Plaintiffs' suits premised on the Chan Defendants' own deceptive scheme.

WHEREFORE, Defendants/Third-Party Plaintiffs Boardwalk Fresh Burgers & Fries, Inc. and David DiFerdinando demand judgment against Third-Party Defendants Gary Chan, Archway Partners, LLC, Jardin Hill, LLC, and Clearwater Hospitality Group, LLC in an in an amount exceeding $75,000 in compensatory damages, punitive damages, attorney's fees and costs incurred in connection with this action, and such other and further relief as justice may require.

Dated:  February 17, 2021

*s/ Suzanne Barto Hill*
DANIEL J. GERBER, ESQUIRE
Florida Bar No. 0764957
E-mail:  dgerber@rumberger.com
SUZANNE BARTO HILL, ESQUIRE
Florida Bar No. 0846694
E-mail:  shill@rumberger.com
RUMBERGER, KIRK & CALDWELL
300 South Orange Avenue, Suite 1400 (32801)
Post Office Box 1873
Orlando, Florida  32802-1873
Telephone:  (407) 872-7300
Telecopier:  (407) 841-2133

DEREK P. ROUSSILLON, ESQUIRE
(Admitted Pro Hac Vice)
Maryland Bar No. 0312170198
E-mail:  droussillon@milesstockbridge.com
MICHAEL B. BROWN, ESQUIRE
(Admitted Pro Hac Vice)
Maryland Bar No.1512150088
E-mail:  mbbrown@milesstockbridge.com
MILES & STOCKBRIDGE P.C.
100 Light Street
Baltimore, MD  21202
Telephone:  (410) 385-3851

**Attorneys for Defendants/Third
Party Defendants**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 17, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

*s/ Suzanne Barto Hill*
SUZANNE BARTO HILL, ESQUIRE
Florida Bar No. 0846694
RUMBERGER, KIRK & CALDWELL