UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BOARDWALK FRESH BURGERS &
FRIES, INC., and DAVID
DIFERDINANDO,

    Third-Party Plaintiffs,
v.                             Case No. 8:19-cv-2527-VMC-CPT

MIN WANG a/k/a LILI WANG,
YANNAN WANG, NEW CITY
ADVISORS, LLC, NEW CITY
CAPITAL, LLC, GARY CHAN,
CLEARWATER HOSPITALITY GROUP,
LLC, ARCHWAY PARTNERS, LLC,
and JARDIN HILL, LLC,

    Third-Party Defendants.
_____/

## ORDER

This matter comes before the Court upon consideration of Third-Party Defendants Min Wang a/k/a Lili Wang, Yannan Wang, New City Advisors, LLC, and New City Capital LLC's Motion to Dismiss Second Amended Third-Party Complaint (Doc. # 143), filed on March 3, 2021. Defendants and Third-Party Plaintiffs Boardwalk Fresh Burgers & Fries, Inc., and David DiFerdinando responded on March 24, 2021. (Doc. # 145). With leave of Court, Third-Party Defendants replied on April 12, 2021. (Doc. # 158). For the reasons set forth below, the Motion is granted in part and denied in part.

1

I.  **Background**

Both the Court and the parties are familiar with the facts underlying this case. Accordingly, the Court need not reiterate them here. Plaintiffs initiated this action on October 11, 2019. (Doc. # 1). On August 6, 2020, Defendants and Third-Party Plaintiffs filed a third-party complaint. (Doc. # 73). On November 9, 2020, the Court sua sponte dismissed the third-party complaint as an impermissible shotgun pleading, granting leave to amend. (Doc. # 125). On November 24, 2020, Third-Party Plaintiffs filed an amended third-party complaint, which the Court dismissed as a shotgun pleading for the second time on February 3, 2021, again granting leave to amend. (Doc. ## 127; 139). Although the Court dismissed the third-party complaints as shotgun pleadings, Third-Party Plaintiffs have had the benefit of the New City Defendants' thorough briefing as to the merits of the claims prior to each dismissal. (Doc. ## 119; 133).

On February 17, 2021, Third-Party Plaintiffs filed a second amended third-party complaint, in which they seek contribution from Third-Party Defendants New City Advisors, LLC (Count I), New City Capital, LLC (Count II), Min Wang (Count III), Yannan Wang (Count IV), Gary Chan (Count IX), Archway Partners, LLC (Count X), Jardin Hill, LLC (Count XI),

Clearwater Hospitality Group, LLC (Count XII), indemnification from New City Advisors (Count V), New City Capital (Count VI), Min Wang (Count VII), Yannan Wang (Count VIII), Gary Chan (Count XIII), Archway Partners (Count XIV), Jardin Hill (Count XV), Clearwater Hospitality Group (Count XVI), fraudulent misrepresentation against Gary Chan, Jardin Hill, Archway Partners, and Clearwater Hospitality Group (collectively, the "Chan Defendants") (Count XVII), and negligent misrepresentation against the Chan Defendants (Count XVIII). (Doc. # 141). The case is currently inactive as to all of the Chan Defendants. The case is stayed as to Gary Chan pending his bankruptcy proceedings (Doc. # 126), Clerk's default has been entered as to Archway Partners and Clearwater Hospitality Group (Doc. ## 113; 114), and the case has been voluntarily dismissed with prejudice as to Jardin Hill. (Doc. # 137).

On March 3, 2021, Third-Party Defendants Min Wang, Yannan Wang, New City Advisors, and New City Capital (collectively, the "New City Defendants") moved to dismiss the second amended third-party complaint. (Doc. # 143). Third-Party Plaintiffs responded on March 24, 2021 (Doc. # 145), and the New City Defendants replied on April 12, 2021. (Doc. # 158). The Motion is now ripe for review.

3

II. **Legal Standard**

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), this Court accepts as true all the allegations in the third-party complaint and construes them in the light most favorable to the third-party plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, the Court favors the third-party plaintiff with all reasonable inferences from the allegations in the third-party complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990). But,

> [w]hile a [third-party] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a [third-party] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotations and citations omitted). Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The Court must limit its consideration to "well-pleaded factual allegations, documents central to or referenced in the [third-party] complaint, and matters judicially noticed." La

4

Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004).

### III. Analysis

The New City Defendants argue that the second amended third-party complaint should be dismissed with prejudice because Third-Party Plaintiffs' claims for contribution and indemnification fail as a matter of Ohio, Florida, Maryland, and federal law. (Doc. # 143 at 2-3).

"A federal district court sitting in diversity must apply the choice of law rules of the forum state." Jeffers v. Kerzner Int'l Hotels Ltd., 319 F. Supp. 3d 1267, 1270 (S.D. Fla. 2018). However, the factual record in this case is limited and the parties have not adequately briefed the choice of law issue. Indeed, it is unclear which law the parties argue applies to the claims in this case. See (Doc. # 145 at 6 n.6) (noting Third-Party Plaintiffs' belief that Florida law is inapplicable without providing which law Third-Party Plaintiffs contend actually applies).

Therefore, the Court declines to issue a holding as to the applicable law at this juncture. See Avago Techs. Ltd. v. Aigner, No. 6:10-cv-1486-ACC-DAB, 2011 WL 13141507, at *2 (M.D. Fla. Aug. 10, 2011) ("[N]umerous district courts have refused to address a choice-of-law dispute at the motion to

5

dismiss stage when lacking a developed factual record.").

Accordingly, the second amended third-party complaint will survive this Motion if it successfully states a claim under either Florida, Ohio, Maryland, *or* federal law. See Graboff v. The Collern Firm, No. 10-1710, 2010 WL 4456923, at *8 (E.D. Pa. Nov. 8, 2010) ("Here, a choice of law analysis is premature because the record lacks necessary facts for the Court to conduct the fact-intensive, context-specific analysis required by [state] law. Therefore, the Complaint will survive [the] Defendants' Motion to Dismiss if Plaintiff states a claim sufficient under either Pennsylvania or Illinois law."). The Court will address each applicable law in turn.

### A. Ohio Law

First, the New City Defendants argue that the second amended third-party complaint fails to state a claim for either contribution or indemnification under Ohio law. (Doc. # 143 at 10).

#### 1. Contribution

Under Ohio law, "[i]f there is no judgment for the injury or loss to person or property or the wrongful death against the tortfeasor seeking contribution, that tortfeasor's right of contribution is barred unless" certain exceptions apply.

6

Ohio Rev. Code § 2307.26. The exceptions apply when the tortfeasor has: (1) "discharged by payment the common liability within the statute of limitations period applicable to the claimant's right of action" or (2) "agreed while an action is pending against that tortfeasor to discharge the common liability." Id. at § 2307.26(A)-(B).

Because there is no judgment against Third-Party Plaintiffs here, and neither of the exceptions apply, Third-Party Plaintiffs' claim for contribution is premature. See King v. City of Columbus, No. 2:18-cv-1060, 2019 WL 6352611, at *2 (S.D. Ohio Nov. 27, 2019) ("Since there is no judgment against Officer Mason and the exceptions to section 2307.26 do not apply, his contribution claims are premature."); see also Wingrove v. Wyo. Casing Serv., Inc., No. 5:19-cv-2148, 2020 WL 6064111, at *4 (N.D. Ohio Oct. 14, 2020) (dismissing an Ohio contribution claim because neither of the exceptions to Section 2307.26 applied). Accordingly, Third-Party Plaintiffs' claim for contribution fails under Ohio law.

### 2. Indemnification

Under Ohio law, the right to indemnification "arises from contract, either express or implied, and is the right of a person, who has been compelled to pay what another should have paid, to require complete reimbursement." CSX Transp.,

7

Inc. v. Columbus Downtown Dev. Corp., 307 F. Supp. 3d 719, 728 (S.D. Ohio 2018) (quoting Worth v. Aetna Cas. & Sur. Co., 513 N.E.2d 253, 256 (Ohio 1987)). "Ohio law generally recognizes that implied indemnification is appropriate in certain limited circumstances where a party owes only secondary legal responsibilities and is passively negligent." Mahathiraj v. Columbia Gas of Ohio, Inc., 617 N.E.2d 737, 743 (Ohio Ct. App. 1992). "Secondary liability generally arises in situations, like vicarious liability, where a relationship exists between the tortfeasors that permits one tortfeasor to be held liable for the consequences of the other's actions." Id. "Relationships which have been found to meet this standard include: wholesaler and retailer, abutting property owner and municipality, independent contractor and employer, and master and servant." CSX Transportation, 307 F. Supp. 3d at 728. "The key to the right of implied indemnification is . . . having a relationship in which the tortfeasors owe a common duty to the injured party." Id.

Here, the New City Defendants contend that the second amended third-party complaint does not sufficiently allege a relationship between the parties. (Doc. # 143 at 11-12). The Court agrees. The second amended third-party complaint does not allege any relationship between the Third-Party

8

Plaintiffs and New City Defendants, nor does it provide that these parties held a common duty to Plaintiffs in the underlying action. The allegations focus on Third-Party Plaintiffs' relationship with the Chan Defendants, the relationship between the Chan and New City Defendants, and finally the relationship between both the Chan and New City Defendants and Plaintiffs in the underlying action. (Doc. # 141 at ¶¶ 31-82). Further, the second amended third-party complaint actually implies that there was *no* relationship between the Third-Party Plaintiffs and the New City Defendants. See Id. at ¶ 99 ("Between 2014 and 2018, neither Lili Wang nor Yannan Wang made any effort to contact [Boardwalk Fresh Burgers & Fries, Inc.] to learn anything about their business, nor did either of them visit any of the proposed locations."). And Third-Party Plaintiffs' answer to the underlying third amended complaint, which is incorporated by reference in their second amended third-party complaint, elucidates no more of a relationship between them and the New City Defendants. (Id. at ¶ 1; Doc. # 118).

Accordingly, Third-Party Plaintiffs' claim for indemnification fails under Ohio law because it does not plausibly allege a relationship between them and the New City Defendants, or a common duty shared to Plaintiffs. See Wagner-

9

Meinert, Inc. v. EDA Controls Corp., 444 F. Supp.2d 800, 804 (N.D. Ohio Apr. 12, 2006) ("[I]mplied contracts of indemnity are *reserved* for those situations involving related tortfeasors, where the one committing the wrong is so related to a secondary party as to make the secondary party liable for the wrongs committed solely by the other." (internal quotation marks and citation omitted)).

### B. Florida Law

Second, the New City Defendants argue that the second amended third-party complaint fails to state a claim for either contribution or indemnification under Florida law. (Doc. # 143 at 4).

#### 1. Contribution

Third-Party Plaintiffs concede that "[t]o the extent that Florida law were held to apply to Plaintiffs' claims, . . . Florida's comparative fault statute – and, in particular, Fla. Stat. § 768.81 – would foreclose the present claim against [the New City] Defendants." (Doc. # 145 at 6-7). The Court agrees and finds that if Florida law applies, Third-Party Plaintiffs' claim for contribution would fail as a matter of law. See Maguire v. Demos, No. 2:10-cv-782-SCB-DNF, 2012 WL 859605, at *2 (M.D. Fla. Mar. 12, 2012) ("The current version of [Section] 768.81 has essentially rendered a third-

10

party complaint for contribution in a negligence action obsolete."); see also TransGlobal Airways Corp. v. JAF, LLC, No. 06-22592-CIV-UNGARO, 2007 WL 9702180, at *18 (S.D. Fla. Nov. 13, 2007) ("Moreover, under Florida law, there is no right of contribution for intentional torts.").

### 2. Indemnification

Under Florida law, "the right of indemnification may arise from either an express or implied contractual relationship or by the existence and violation of a duty, as between two tortfeasors." Gaines v. Robinson Aviation (RVA), Inc., No. 6:14-cv-391-PGB-GJK, 2014 WL 6882934, at *4 (M.D. Fla. Dec. 4, 2014). To state claim for implied indemnification, Third-Party Plaintiffs must sufficiently allege that: (1) Third-Party Plaintiffs are "wholly without fault"; (2) the New City Defendants are "at fault"; and (3) a special relationship between the parties exists. Id.; Arnold M. Ganz Residual Tr. v. Growthink Sec., Inc., No. 09-80057-CIV, 2010 WL 146847, at *2 (S.D. Fla. Jan. 11, 2010) ("Florida courts also require 'a special relationship between the parties in order for common law indemnification to exist.'" (citation omitted)).

"A special relationship is one that makes the defendant vicariously, constructively, or derivatively liable for the

11

acts of the party against whom indemnification is sought." Arnold, 2010 WL 146847, at *2 (citing Houdaille Indus., Inc. v. Edwards, 374 So.2d 490, 493 (Fla. 1979)). "In assessing whether a special relationship exists, courts generally look at whether the party against whom indemnification is sought has breached a duty under a contract with the defendant or breached [a] duty implied by the parties' conduct." Id.

Here, as noted, Third-Party Plaintiffs have failed to allege any sort of relationship – let alone a contractual relationship – between them and the New City Defendants. Although Third-Party Plaintiffs argue in response to the instant Motion that New City Advisors' coordination with the Chan Defendants, who in turn contracted with Boardwalk Fresh Burgers & Fries, creates some sort of relationship or duty, the Court disagrees. (Doc. # 145 at 8). Indeed, the Court finds no allegations in the second amended third-party complaint from which it can infer that any duty was created or implied by Third-Party Plaintiffs and the New City Defendants' conduct with one another.

Accordingly, the Court finds Third-Party Plaintiffs have failed to state a claim for indemnification under Florida law. See Arnold, 2010 WL 146847, at *2 ("The amended counterclaim alleges no facts demonstrating that Ganz owed a

duty to Growthink under a contract or warranty, nor does it allege that an implied duty existed between the parties. Indeed, the amended counterclaim fails to allege any relationship or contacts whatsoever between Ganz and Growthink, let alone a special relationship establishing vicarious, constructive, derivative, or technical liability.").

### C. Maryland Law

Third, the New City Defendants argue that the second amended third-party complaint fails to state a claim for either contribution or indemnification under Maryland law. (Doc. # 143 at 6).

#### 1. Contribution

Under Maryland law, there is a statutory right of contribution among joint tortfeasors. Bayles v. Realty & Assocs., LLC, No. DKC 20-3322, 2021 WL 1198144, at *5 (D. Md. Mar. 30, 2021) (citing Md. Code Ann. Cts. & Jud. Proc. § 3-1402(a)). Joint tortfeasors are defined as "two or more persons jointly or severally liable in tort for the same injury to person or property, whether or not judgment has been recovered against all or some of them." Montgomery Cnty. v. Valk Mfg. Co., 562 A.2d 1246, 1249 (Md. 1989) (internal quotation marks and citation omitted) (emphasis omitted). The

13

"right of contribution rests upon the common liability of the wrongdoers for the loss notwithstanding the fact that the liability of each wrongdoer may rest on a different ground." Renick v. Sperau, No. CCB-12-1627, 2013 WL 1314417, at *6 (D. Md. Mar. 29, 2013) (quoting Fischbach & Moore Int'l Corp. v. Crane Barge R-14, 476 F. Supp. 282, 287 (D. Md. 1979)). "[B]ecause contribution from a [third-party] defendant is predicated on his or her direct liability to the plaintiff, there is no right of contribution where the plaintiff has no right of action against the [third-party] defendant." Armellini v. Levin, No. ELH-19-794, 2020 WL 104899, at *18 (D. Md. Jan. 9, 2020) (internal quotation marks and citations omitted)).

Here, Third-Party Plaintiffs have sufficiently alleged a claim for contribution under Maryland law. Plaintiffs in the underlying suit allege that Third-Party Plaintiffs defrauded them of $3.5 million by participating in or assisting with a complex enterprise that attracted Chinese nationals to invest in their restaurant franchise, only to later convert those funds. (Doc. # 117 at ¶¶ 3, 13-15). In the second amended third-party complaint, Third-Party Plaintiffs allege that the New City Defendants were part of this alleged scheme, insofar as they solicited the Chinese

14

investors. (Doc. # 141 at ¶¶ 54-64). Third-Party Plaintiffs allege that if they are deemed liable to Plaintiffs, this "liability arose out of the acts and/or omissions of [the New City Defendants]," who "misrepresented their qualifications and experience to Plaintiffs; failed to disclose their conflicts of interest with [the Chan Defendants]; failed to perform appropriate due diligence on [the Chan Defendants]; failed to properly supervise [the Chan Defendants]; failed to supervise and monitor Plaintiffs' investment funds; and breached their fiduciary duties to Plaintiffs." (Id. at ¶¶ 124-25, 130-31, 136-37, 141-42).

This is sufficient to allege that Third-Party Plaintiffs and the New City Defendants may be joint tortfeasors. See Renick, 2013 WL 1314417, at *7 ("The Renicks claim knowing RLPHRA violations only on the part of the Speraus, but the Speraus in their amended third-party complaint contend the Agents also violated the act. If [it is] determine[d] that both the Speraus and the Agents have violated the RLPHRA, they will be joint [tortfeasors]. If judgment is entered against the Speraus, they may be able to claim a right of contribution from the Agents. Accordingly, the Agents' motion will be denied with respect to the Speraus' claim for contribution." (citations omitted)). Contrary to the New City

15

Defendants' contention, at the pleading stage, Maryland law requires nothing more. See Day v. Robbins, 179 F. Supp. 3d 538, 543 (D. Md. 2016) ("It takes no great imagination to deduce that Seeger would prefer for the Court . . . to find that Seeger owes no liability to Plaintiff whatsoever[.] . . . But at this early stage in these proceedings, Seeger likely cannot appraise the viability of its affirmative defenses, and so it pleads in the alternative – averring that, if and to the extent Seeger is found liable, Robbins . . . should . . . contribute his proportionate share to whatever judgment is imposed. As a matter of pleading policy . . . the Court is disinclined to embrace a theory that would hamstring [defendants] like Seeger, forcing them to choose at the outset of litigation between denying liability and attempting to shift or apportion liability." (emphasis omitted)).

Because Third-Party Plaintiffs' claim for contribution survives under Maryland law, the Court declines to dismiss the claims for contribution against the New City Defendants.

### 2. Indemnification

"Under Maryland law, a defendant may seek tort indemnity 'only when its liability is passive or secondary[.]'" Day, 179 F. Supp. 3d at 541 (citation omitted). Importantly, "[t]here must be a prior existing legal relationship between

16

the wrongdoers prior to the tort in order to justify the indemnity claim." State Auto Prop. & Cas. Ins. Co. v. CAP Elec., Inc., No. RDB-16-3572, 2017 WL 3085683, at *6 (D. Md. July 20, 2017).

Here, Third-Party Plaintiffs have failed to allege a legal relationship between themselves and the New City Defendants. As noted, the second amended third-party complaint fails to allege *any* substantive relationship between them – whether it be contractual or not. Accordingly, the second amended third-party complaint fails to state a claim for indemnification under Maryland law. See Id. at *6 ("Cross-Plaintiff CAP alleges no prior existing relationship between itself and DPL. Thus, CAP is unable to state a plausible claim against DPL for indemnification, and its crossclaim premised on this theory must be [dismissed].").

### D. **Federal Law**

Finally, the New City Defendants argue that the second amended third-party complaint fails to state a claim for either contribution or indemnification under federal law, which applies to Plaintiffs' claim for violations of federal securities law. (Doc. # 143 at 13); (Doc. # 117 at ¶¶ 203-16 (alleging violations of 15 U.S.C. § 78j(b) and Rule 10b-5). Because the Court has already determined that Third-Party

17

Plaintiffs' claims for contribution satisfy Maryland pleading requirements, the Court need only address the viability of their claims for indemnification under federal law.

"Under federal law, no right to . . . indemnification exists unless it has been explicitly authorized by Congress or established through federal common law." Env't Progress, Inc. v. Metro. Life Ins. Co., No. 12-cv-80907-MIDDLEBROOKS/BRANNON, 2013 WL 12084488, at *3 (S.D. Fla. Apr. 1, 2013). Here, Third-Party Plaintiffs provide no authority for the proposition that federal statutory or common law confers a right of indemnification for alleged violations of the Securities Exchange Act. (Doc. # 145 at 17). To the contrary, courts have found that "there is no right to indemnification under the securities laws or federal common law." King v. Gibbs, 876 F.2d 1275, 1276 (7th Cir. 1989); accord In re PNC Fin. Servs. Grp., Inc., 440 F. Supp. 2d 421, 441 (W.D. Pa. 2006) ("The 1933 and 1934 Acts do not contain an express right of indemnification. And the federal courts have been uniform in holding that there is no implied right to indemnification under the federal securities law.").

Accordingly, Third-Party Plaintiffs' claims for indemnification fail under federal law. Because their claims for indemnification also fail under Ohio, Florida, and

Maryland law, all claims for indemnification are due to be dismissed. Since Third-Party Plaintiffs have already twice amended their complaint – both times with the benefit of thorough briefing by the New City Defendants, the Court dismisses these claims (Counts V, VI, VII, and VIII) with prejudice. See Wren v. Midwestern State Univ., No. 7:18-cv-00060-O-BP, 2019 WL 3099408, at *18 (N.D. Tex. June 25, 2019) ("Wren filed a lengthy, detailed complaint, and has amended her complaint two times to add new defendants and assert more detailed allegations. Considering the various avenues for dismissing Wren's claims, the undersigned concludes that Wren has stated her best case. Thus, her claims against the Defendants individually should be dismissed with prejudice."), report and recommendation adopted, No. 7:18-cv-00060-O-BP, 2019 WL 3081849 (N.D. Tex. July 15, 2019).

In their response to this Motion, Third-Party Plaintiffs argue that *if* the second amended third-party complaint is dismissed, they should be granted leave to amend both their third-party complaint and answer to the underlying suit in this case. However, the Court has not dismissed the complaint in its entirety – only the claims for indemnity as to the New City Defendants. (Doc. # 145 at 19-20). Therefore, the Court denies Third-Party Plaintiffs' request for leave to amend.

19

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The New City Defendants' Motion to Dismiss Second Amended Third-Party Complaint (Doc. # 143) is **GRANTED** in part and **DENIED** in part.

(2) Counts V, VI, VII, and VIII are **DISMISSED** with prejudice. The Motion is **DENIED** as to Counts I, II, III, and IV.

(3) Third-Party Plaintiffs' request for leave to amend the second-amended third-party complaint and their answer to the third amended complaint is **DENIED.**

(4) The New City Defendants' answer to the second amended third-party complaint is due by **May 6, 2021.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 22nd day of April, 2021.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE